GORE & DAUBERT, INC. v. FORREST

———

(February 16, 1931. Opinion and Decree.)

———

Gerald Netter, of New Orleans, attorney for plaintiff, appellee.

Eraste Vidrine, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit to recover the sum of $226.10 for damages and depreciation to the plaintiff's Pontiac automobile alleged to have been sustained as a result of a collision between the plaintiff's and defendant's cars at the corner

of Constance and St. Joseph streets, this city, on January 20, 1928, at 11:00 o'clock a. m.

The defendant is charged with fault in the following respects:

First, that the plaintiff's car had entered and pre-empted the intersection at the time the defendant's car struck it.

Second, that the defendant's car approached and entered the intersection at an unlawful and excessive rate of speed.

Third, that the defendant was operating his car with defective and faulty brakes.

The defendant denied liability, alleging that the accident was caused solely through the fault of the plaintiff in not respecting the defendant's right of way under paragraph "c," section 7, Traffic Ordinance No. 7490 C. C. S., which provides that automobiles approaching from the right should be granted the right of way; and, in the alternative, that plaintiff was guilty of contributory negligence.

There was judgment in favor of the plaintiff for $126.10, and defendant has appealed.

The record shows that Constance street runs from uptown to downtown and is about forty feet in width. St. Joseph street runs from the river to the lake, intersecting Constance street at right angles, and is about sixty feet in width. Defendant was driving his Ford car down Constance street, and the plaintiff's car was on St. Joseph street going in the direction of the river. On the uptown lake corner there is a three-story brick building which extends to the property line so that the two drivers were unable to see each other until they were very near the corner. Both automobiles were traveling in the center of the streets. The plaintiff's car was traveling approximately twenty miles an hour and the defendant's car approximately thirty miles an hour. The plaintiff's car had passed the center of the intersection when the right front side of the defendant's car struck the right rear wheel and fender of the plaintiff's car, causing it to overturn some twenty feet from the point of collision.

It appears that after the accident the defendant admitted to the plaintiff's driver that he was at fault because his brakes were defective. Defendant's conduct subsequent to the accident in going to the office of the plaintiff company for the purpose of settling the claim is also evidence of his admission that the accident was caused through his fault.

We are convinced that the plaintiff's car had pre-empted the intersection before the defendant's car struck it and, therefore, had the right of way and should have been permitted by the defendant to proceed. Ord. 7490 C. C. S., section 7, paragraph "g."

The trial judge found that the defendant approached and entered the intersection at an excessive rate of speed of more than thirty miles an hour and that, therefore, he did not have his car under proper control.

If we accept defendant's testimony that he was only going ten miles an hour as he approached the intersection, it appears to us that if his brakes were not defective he would have been able to have stopped in time to have avoided the accident.

A careful reading of the record convinces us that the defendant was solely at fault in causing the accident in the three respects charged.

As to the quantum, the plaintiff clearly proved that the damage to its car was $126.10, which the trial court allowed. Plaintiff also claimed $100 for depreciation on its car. The trial court rejected this item because plaintiff failed to properly prove it. Plaintiff answered the appeal and asked that judgment be amended so as to include this item. We are of the opinion that the trial court properly rejected the claim for depreciation.

For the reasons assigned, the judgment appealed from is affirmed.