No. 854

First Circuit

RECILE v. SOUTHERN UNITED ICE CO.

(October 7, 1931. Opinion and Decree.)

B. & M. Purser, of Amite, attorneys for plaintiff, appellant.

Leon Ford, Jr., of Hammond, attorney for defendant, appellee.

LeBLANC, J. This case was disposed of on an exception of no cause of action in the lower court. From a judgment dismissing his suit, the plaintiff has appealed.

The petition discloses that on the 18th day of November, 1929, he and his wife, with their infant child, were passengers on a bus belonging to the Pickwick Greyhound Lines, Inc., going from Hammond to Independence. On a detour road out of Hammond, made necessary because of some construction work going on on the main highway, a truck of the Southern United Ice Company, defendant herein, ran into the path of the bus they were in, causing a wreck in which they were both injured. The wife brought a separate suit in her own name against the defendant which was decided in the same manner as the present one and is also on appeal before us. 136 So. 771.

The petition in each case recites that while the transportation company was under contract to give them safe carriage to their destination and owed them for their damage and loss of time, because they were without funds at the time, they gave the Pickwick Greyhound Lines, Inc., a release upon receiving a payment from them of $200, which amount, however, did not in any way satisfy the full damage they had sustained, and which they are entitled to recover from the Southern United Ice Company, as it was the negligence and carelessness of their truck driver that was the proximate cause of the accident. The following article in each petition then charges that, co-tort-feasors being bound in solido, the plaintiffs are entitled to be reimbursed from each the full amount of damages suffered until they have been paid in full. This last allegation, viewed in the light of the preceding one referring to the release in favor of the Pickwick Greyhound Lines, Inc., and of article 2203 of the Revised Civil Code, formed the basis of the exception of no cause of action. The article of the Code mentioned reads as follows:

"The remission or conventional discharge in favor of one of the co-debtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

In Orr & H. Lindsley v. Hamilton, 36 La. Ann. 790, it was held that the provisions of the article quoted apply to obligations ex delicto as well as to contractual obligations. See also Rudison v. Glover, 131 La. 381, 59 So. 817.

That the pleader in preparing the petition in this case had the article of the Code in mind would appear from the fact that he was careful in making the proper deduction from his claim of the amount he had received from the one of the joint tort-feasors to whom he had given a release; but he, strange to say, failed to aver that he had reserved his right against the defendant herein, the other joint tort-feasor who he alleges is liable in solido. The omission of such allegation clearly subjected the petition to a judgment of dismissal on the exception of no cause of

action. For aught the petition disclosed, there was no reservation whatever against the defendant, and unless there had been, clearly, under the article of the Code, it stood discharged the same as its co-debtor, Pickwick Greyhound Lines, Inc.

After the rendition of the judgment by the lower court, plaintiff moved for a new trial, averring in his motion that the court was in error in construing the action to be one purely and simply in damages for tort only, as he contends the action against the transportation company was one arising out of its contract of carriage as well as in tort. He also complains in his motion that the court did not give consideration to the receipt given by him to the Pickwick Greyhound Lines, Inc., wherein that company was released from liability and which contains the express reservation of his rights against the Southern United Ice Company.

We do not find any merit in the contention that the action is one arising out of the contract of carriage as well as in damages. The defendant who might have been held on a contract has been discharged from liability and judgment is not prayed for against it. Moreover, the action is essentially one sounding in damages for a tort, made so by the express judicial declaration of the plaintiff himself, who is bound by the allegations of his petition.

Regarding the other complaint plaintiff makes, it would be difficult to conceive how the court could have given consideration to the contents of a document which it did not have before it. In its consideration of the exception of no cause of action, the court had to be guided by the declarations in the petition, and in it there was no mention of the reservation which it was necessary for plaintiff to have made in order to hold this defendant liable after the other debtor had been released.

The granting of a new trial was a matter of discretion which we think the court exercised correctly by refusing the motion. Its judgment was certainly not contrary to the law, and could not be to the evidence, as the exception was tried on the face of the petition; and plaintiff's supplying a copy of the receipt which contained the reservation did not constitute newly discovered evidence which was the other ground on which a new trial could have been granted. The receipt which bears the plaintiff's own signature is dated March 14, 1930, which is five months prior to the filing of the suit. Besides, the motion could not be considered as one based on newly discovered evidence, as we observe it does not contain the affidavit required by article 561 of the Code of Practice in such cases.

Counsel for plaintiff in their brief suggest that our sustaining of the judgment of the lower court will simply necessitate the filing of a new suit. That, of course, is a matter which the court deplores as much as counsel and the litigants themselves, as the policy of the law is to avoid two suits where one can serve the purpose. But we see ourselves without any alternative here but to affirm the judgment of the district court. Besides, the filing of another suit by this plaintiff will impose no greater hardship on him, as we note he brings this proceeding in forma pauperis under which he is exempted from the payment of costs.