### CROWELL & SPENCER LUMBER CO., Limited, v. LACAZE et al.

### No. 1975.

Court of Appeal of Louisiana. First Circuit.

May 4, 1939.

Rehearing Granted June 6, 1939.

L. Austin Fontenot, of Opelousas, for appellant.

Ledoux R. Provosty, of Alexandria, for appellee.

DORE, Judge.

This is a suit for trespass for the illegal cutting and removing of 40,979 feet of timber from plaintiff's land in Evangeline Parish wherein plaintiff seeks to recover of the defendants in solido, as the manufactured value thereof, the sum of $942.52, with legal interest from judicial demand, subject to a credit of $50 paid on August 10, 1937.

Plaintiff avers that on or about the 13th day of May, 1937, defendants cut and removed from its property certain timber in the amount mentioned well knowing it to be the timber of plaintiff; that at that time the defendant Clark was under a contract with the defendant Pierre Lacaze to cut and remove timber and that therefore both defendants were in legal and moral bad faith; that the manufactured value of the timber was the sum of $23 per thousand feet, or the total sum of $942.52. Plaintiff further avers that the defendant Lacaze admitted the trespass and paid on account thereof the sum of $50.

Defendant Lacaze did not answer and a default was entered against him. Defendant Clark answered and admitted that he cut certain timber on plaintiff's land, but averred that he purchased the timber from Lacaze and that he acted in good faith and not as a trespasser, believing that the said Lacaze had the authority to sell the timber. He further alleged that it was known to plaintiff, at the time of the filing of this suit, that he, Clark, was acting through written authority from the defendant Lacaze. He further set forth that plaintiff only claimed of defendant Lacaze the sum of $409.79, subject to a credit of $50; that on September 1, 1937, plaintiff, through its attorney, advised him that defendant Lacaze had cut 40,979 feet of timber belonging to it, that it was understood that defendant Clark had purchased the timber from Lacaze, and that an agreement had been reached between plaintiff and Lacaze wherein the timber would be paid by installments. In further answer, defendant reiterates that he was in absolute good faith, and "that he has no reason to believe that the said Pierre Lacaze, co-defendant, acted without authority, but that in the event that the said Pierre Lacaze is proved not to have acted in good faith, then and in that event, your respondent avers that he himself having acted in good faith, that he be entitled to settle for the timber taken at the price set forth in the demand made by the plaintiff on the said Pierre Lacaze," namely the sum of $409.79 less the $50 installment paid by Lacaze. Respondent prayed for the dismissal of plaintiff's suit, and, in the alternative, that there be judgment in his favor against Lacaze as may be rendered against him.

In a supplemental answer defendant Clark set up certain facts which he claimed to have learned subsequent to the filing of his answer, some of which were to show his good faith and that of his co-defendant Lacaze, and others to show that on August 10, 1937, plaintiff received from defendant Lacaze the sum of $50 as part payment for the timber cut on plaintiff's land, evidenced by a receipt given to Lacaze wherein it was stated that Lacaze was permitted to pay the balance due by installments; that, as plaintiff had compromised with Lacaze whatever claim it had for the cutting of the timber, it was estopped from making any claim against him, Clark, and that the suit should have been brought against Lacaze alone for the balance of installments due under their compromise agreement.

Upon confirmation of default as against defendant Lacaze, and upon a trial on the merits as against defendant Clark, there was judgment in favor of plaintiff and against defendants, Lacaze and Clark, in solido, in the sum of $359.75, being the balance fixed as evidenced by the receipt given to Lacaze; and a judgment in favor of defendant Clark as against defendant La-

caze for the sum of $409.79, as fixed by the receipt. Defendant Clark has appealed.

The evidence shows that on February 9, 1937, defendant Lacaze entered into an agreement with the Forest Lumber Company for the purchase of certain timber on the lands of the said company at the price of $4.50 per thousand feet log scale when cut and removed. Mr. John Denning was designated to scale the timber cut under this agreement, and Lacaze was to settle with the lumber company every two weeks under the report of Mr. Denning. On February 24, 1937, Lacaze gave to defendant Clark the same rights to cut and remove timber from the lands of the Forest Lumber Company situated in the Parishes of Allen and Evangeline at the price of $5.50 per thousand feet log scale, the timber removed to be paid every two weeks.

By virtue of a mistake in a map given to Mr. Denning showing the lands owned by the Forest Lumber Company, defendant Clark cut 40,979 feet of timber on eighty acres of land belonging to plaintiff, which is the basis of the suit, plaintiff claiming the manufactured value thereof, less $50 paid by Lacaze.

■ There is no question but that both Lacaze and Clark were in good faith in cutting this timber on plaintiff's land; in fact plaintiff has abandoned its demand for the manufactured value, and only contend for an affirmance of the judgment. Consequently, the defendants, as joint trespassers, were liable in solido for the stumpage value of the timber cut on plaintiff's land.

It appears from the evidence that prior to August 10, 1937, plaintiff knew that Clark had cut this timber under an agreement of purchase with Lacaze and had paid Lacaze under the terms of the agreement; the situation then being that both Lacaze and Clark owed plaintiff in solido for whatever the stumpage value of the timber was at that time. On August 10, 1937, plaintiff agreed to settle with Lacaze for the timber cut on the basis of $10 per thousand feet, or the sum of $409.79, and Lacaze paid the sum of $50 on that settlement and was given a receipt by plaintiff reading as follows:

"Oberlin, La.,
"Aug. 10, 1937.

"Received of Pierre Lacaze, the sum of Fifty Dollars, $50.00, same being part payment on 40,979 feet of timber cut by him on lands of The Crowell & Spencer Lumber Co., Ltd., in Section 9, T. 4 S, R 2 W. The total amount due for said timber is $409.79, and this partial payment is accepted with the understanding that other payments will be made weekly until the full amount is paid.
"(Signed)   L.   R.   Barmore
"Agent of the Crowell & Spencer
Lumber Company, Ltd."

■ Before the settlement disclosed by the receipt was made, there existed an unliquidated debt for the value of the timber for which both Lacaze and Clark were liable in solido. As a result of the settlement, the debt was liquidated in the amount of $409.79 and was reduced by the payment of $50 by Lacaze to the amount of $359.79, and, as evidenced by the receipt, Lacaze became the sole and only debtor, since no reservation was made as to the other debtor in solido. See Civ. Code, art. 2203.

■ The release of one of several debtors in solido in an obligation arising from a trespass operates to extinguish the debt as to remaining co-debtors, unless the creditor has expressly reserved his rights against the other debtors in solido. Irwin v. Scribner, 15 La.Ann. 583; Orr & Lindsley v. Hamilton, 36 La.Ann. 790; Recile v. Southern United Ice Co., 17 La.App. 611, 136 So. 769; Fridge v. Caruthers, 156 La. 746, 101 So. 128.

The plaintiff, by making a settlement with Lacaze on the terms set out in the receipt, has changed the nature of the debt from one in which both Lacaze and Clark were liable in solido to one in which Lacaze has become the sole debtor.

■ Counsel for plaintiff insists that Clark has admitted his liability for the amount due as called for by the receipt in his answer as quoted above. We cannot agree with him. While Clark's answer is not very clear, yet it is our opinion that Clark intended to allege, after denying any indebtedness to plaintiff, that in no event was he to be held for the manufactured value of the timber alleged to be $23 per thousand feet, but in the event of his liability, this liability could not be any greater than that which plaintiff had demanded of Lacaze.

Defendant Clark having been released by the settlement made by plaintiff with Lacaze, the judgment will be reversed as to him.

For these reasons, the judgment appealed from is hereby reversed, annulled and set aside in so far as defendant John W. Clark is concerned, and it is further ordered that plaintiff's suit be and the same is hereby dismissed as to defendant John W. Clark, with costs in both courts.