CROWELL & SPENCER LUMBER CO.,
Limited, v. LACAZE et al.

No. 2054.

Court of Appeal of Louisiana, First Circuit.

Jan. 30, 1940.

For prior opinion, see 188 So. 446.

L. Austin Fontenot, of Opelousas, for appellant.

Ledoux R. Provosty, of Alexandria, for appellee.

OTT, Judge.

The facts and issues in the case are stated in our original opinion. 188 So. 446. The only ground set up and urged in the application for a rehearing consists in the averment that this court erred in holding that defendant Clark did not intend to admit and did not admit in his answer that he owed plaintiff the stumpage value of the timber as fixed in the settlement made with Lacaze. While it is stated in the brief filed in support of the application and submitted on the rehearing that the other errors in our former opinion are not waived, yet no other errors are urged on the rehearing.

A re-examination of the pleadings convinces us that Clark not only did not admit any liability for the timber, but that he specially denies any liability. In answer to Article 4 of the petition which alleges that Lacaze and Clark entered upon plaintiff's land without its permission and cut and removed therefrom 40,979 feet of timber, knowing that it did not belong to them, but knew that it belonged to plaintiff, Clark denied this article and averred that the timber which he cut from this land was purchased by him from Lacaze and he believed that said Lacaze was authorized to represent the plaintiff in the sale of the timber on the land.

Obviously, if this part of Clark's answer was true and Lacaze was authorized to sell the timber for plaintiff, Clark was not liable for the timber cut by him if he paid Lacaze for it as he alleges in his answer. The other articles of the answer deny liability on the same ground, and in Article 10 of his answer, Clark again avers that he purchased the timber from Lacaze and had paid him for same; that he had no reason to believe that Lacaze acted without authority, but that in the event that it is proved that Lacaze did not act in good faith (meaning as we assume that he did not have authority from plaintiff to sell the timber) then and in that event, Clark did act in good faith and was entitled to settle at the figure fixed in the compromise settlement with Lacaze.

To further show denial of liability on the part of Clark, reference may be had to the prayer of the answer wherein Clark prays that plaintiff's suit be dismissed, and only in the alternative that he have judgment against Lacaze for whatever amount the court might find him liable for on account of the unauthorized cutting of the timber.

In our opinion, the original answer alone is sufficient to show a denial of liability on the part of Clark, but when we take into consideration the supplemental answer also, there would seem to be no doubt on this point whatever. In this supplemental answer, Clark set out fully the settlement made by plaintiff with Lacaze for the timber on August 10, 1937, and alleged that because of that settlement with Lacaze, plaintiff was estopped from claiming anything against him, and he again prayed that plaintiff's suit be dismissed.

Finding no error in our former decree, the same is hereby reinstated and made the final judgment of this court.

LE BLANC, J., dissents.