For the reasons assigned the judgment appealed from is affirmed.

24 So.2d 678

**GUARISCO et al. v. PENNSYLVANIA CASUALTY CO.**

**LEBLANC et al. v. SAME.**
Nos. 37800, 37801.

Dec. 10, 1945.

Rehearing Denied Jan. 7, 1946.

Rene H. Himel, of Franklin, and J. Y. Gilmore, of Morgan City, for relators.

William H. McClendon, Jr., of New Orleans, for respondent.

FOURNET, Justice.

On the applications of the plaintiffs we issued writs of certiorari to review the judgment of the Court of Appeal for the First Circuit affirming the judgments of the lower court dismissing their respective suits against the Pennsylvania Casualty Company to recover damages resulting from the death of their sons, killed when the automobile insured by the defendant, in which the boys were guest passengers, collided with a train of the Texas and New Orleans Railroad Company at a crossing near Boeuf, Louisiana. The suits having grown out of the same accident and presenting identical issues, they were consolidated for trial and were dismissed on the defendant's exceptions of no right of action and pleas in bar based on settlements and compromises entered into between these plaintiffs and the railroad company for their respective claims against that company without any reservation having been made of their rights against the insured or his insurer.

█ Under the express provisions of Article 2203 of the Revised Civil Code, "The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter." Joint tort-feasors are governed by this same rule, they being liable in solido for the damages inflicted by them. Owen v. Brown, 13 La.Ann. 201; Irwin v. Scribner, 15 La.App., 583; Orr & Linds-

ley v. Hamilton, 36 La.Ann. 790; Rudison v. Glover, 131 La. 381, 59 So. 817; and Reid v. Lowden, 192 La. 811, 189 So. 286. This rule of law obtains generally in the common-law states (45 Am.Jur. 699, Section 35; Annotations in 50 A.L.R. 1060, 66 A.L.R. 207, 104 A.L.R. 847, 124 A.L.R. 1299, and 148 A.L.R. 1270), the underlying principle therefor being that there is but one debt and hence there can be only one satisfaction of it.

The record shows that the attorneys for all of the plaintiffs, pursuant to a contract of employment entered into with the plaintiffs, addressed a letter to the railroad company on December 16, 1943, informing the company of their employment to sue for the death of the respective sons of the plaintiffs and that they accordingly made demand on the company for the payment of $15,000 for the death of each child. Subsequently these attorneys became apprised of the existence of a contract of insurance with the defendant company indemnifying the owner of the car in which these boys were riding at the time of the accident, and on February 14, 1944, they entered into another agreement with the plaintiffs extending their former contract of employment to include suit against the insurance company, writing a letter to the insurance company the following day making formal demand for payment of damages. In the interim (on February 12), after investigation, believing that the negligence of the driver of the car was the sole and proximate cause of the accident, the plaintiffs agreed to accept the sum of $1,250 from the railroad company in settlement of their

claims and on February 21 thereafter they executed releases in favor of the railroad company without, however, reserving any rights against the insurance company. This suit was filed a little over a month after the demand was made on the insurance company.

■ We think this evidence unmistakably shows it was never the intention of the plaintiffs to relinquish any rights they might have against the driver of the automobile or his insurer and that this is evidenced by the steps taken by them for the prompt prosecution of their claims against the insurance company. But this court recently unqualifiedly held in the case of Reid v. Lowden, supra, that the release of one of several co-tort-feasors without specific reservation in writing in the release itself of the cause of action against the other co-tort-feasors has the effect of releasing the others.

Counsel for the plaintiffs, however, in their argument orally and in brief, point out that it was apparently conceded that the party released in the Lowden case was a co-tort-feasor with the party later proceeded against, whereas in this case it is the contention of the plaintiffs that the sole and proximate cause of the injury sustained was the negligence of the driver of the car, plaintiffs' only reason for accepting such a small amount from the railroad company being that they did not consider their case against the company wellfounded; hence, that the rule laid down in the Lowden case is inapplicable here and the exceptions of no right of action and the pleas in bar are premature and without

merit until it is shown on the trial of the case that the railroad company is a co-tort-feasor with the insured.

So far as we have been able to determine, such an issue has never been presented to nor passed on by this court. In the common-law states the decisions on this point are regarded. as in direct conflict, some courts adhering to the view that from whatever source compensation is accepted it operates as a satisfaction and the parties will not be permitted to again recover for the same injury. Others hold there must have been at least an appearance of liability, that is, something in the nature of a valid claim on the one hand and a possible liability on the other, while still others hold that a release for a consideration of one not shown to be a joint wrongdoer will not operate to discharge others who are responsible, at least where the consideration for the release has not been accepted as a satisfaction for the injury. 23 R.C.L. 405, Section 35; 53 C.J. 1260, Section 78; 45 Am.Jur. 702; and Annotations in 50 A.L.R. 1060, 66 A.L.R. 207, 104 A.L.R. 847, 124 A.L.R. 1299, and 148 A.L.R. 1270.

■ Under the settled jurisprudence of this state the voluntary abandonment or dismissal of a claim against one of several alleged co-tort-feasors who is not in fact at fault does not release the others, the reason for such holding being that there can be no joint liability between them. Vredenburg v. Behan, 33 La.Ann. 627; Hall v. Allen Mfg. Co., 133 La. 1079, 63 So. 591; Martin v. Sterkx, 146 La. 489, 83 So. 776. See, also, 1 C.J. 536, § 30; 1 C.J.S., Accord & Satisfaction § 13; 53 C.J. 1260, Section

78b; and Annotations at 58 L.R.A. 306 and 14 L.R.A.,N.S., 322. It therefore follows that had the plaintiffs in this case simply abandoned their case against the railroad company without receiving any compensation therefor, regardless of the form of such abandonment or release, it could not be said that there was a satisfaction of the damages for the injury and the plaintiffs could not be barred from prosecuting their claim against the insurance company. Under our law one is never presumed to have abandoned his rights. It is therefore difficult for us to appreciate by what process of reasoning the plaintiffs can be barred from prosecuting their claims against the insurance company merely because some compensation was received by them for their release of the railroad company, believed by them to be free from any negligence in connection with the accident. This is particularly true since the consideration received for such release was comparatively small and can in no wise be said to be compensatory of the damages allegedly suffered. Consequently, unless and until it is satisfactorily shown that the damages sustained by the plaintiffs resulted from the joint negligence of the railroad company and the insured (making them liable in solido) the plaintiffs can prosecute their respective cases against the one believed by them to be responsible for the injury (in this case the insurer whose business it is to indemnify against such loss for compensation) and we know of no rule of law that would prohibit them from doing so. Certainly the rights and defenses of the insurance company have been in no way affected or prejudiced by the actions of the plaintiffs and they cannot, therefore, successfully plead an estoppel.

For the reasons assigned, the judgment of the Court of Appeal for the First Circuit and the judgment of the Sixteenth Judicial District Court for the Parish of St. Mary, maintaining the exceptions of no right of action and the pleas in bar in each of these cases are set aside, the exceptions and pleas in bar are overruled, and the cases are hereby remanded to the lower court for further proceedings consistent with the views herein expressed. All costs in this court are to be borne by the defendant; all other costs are to await the final determination of these matters.

HAMITER and KENNON, JJ., concur in decree.