ELLIS, Judge.
On September 13th, 1959 at approximately 5:30 P.M., Derle G. Long, with his wife and children as guest passengers, was operating his automobile in a northerly direction on Beech wood Street, and Mrs. Jeanette L. Purvis was operating her husband’s automobile in a westerly direction on Shelly Street in the City of Baton Rouge. Both automobiles approached and entered the intersection of the two streets where they collided.
Suit was filed by way of joint petition by Derle G. Long and his wife-guest-passenger, Mrs. Naomi K. Long.[1] Mrs. Long sued Globe Indemnity Company, insurer of the Purvis Automobile, the Parish of East Baton Rouge, Esso Standard Oil Company and Allstate Insurance Company, insurer of the Long automobile. The suit against Allstate Insurance Company was in the alternative only, and only in the event the Court concluded that her husband, Derle G. Long was in anywise negligent in the premises.
Mrs. Long’s suit was dismissed upon exception against the Parish of East Baton Rouge and Esso Standard Oil Company and no appeal was taken or perfected from these dismissals.
The Globe Indemnity Company filed an exception of res judicata, setting forth that all claims or rights asserted and alleged upon as a cause or right of action by the plaintiff had been fully settled, compromised and adjusted by and between these parties, for on or about September 17th, 1959 the plaintiffs, Mrs. Naomi K. Long and Derle G. Long, signed a full receipt and release of such claims and/or rights, and annexed *277 to the exception a photostatic copy of said release, the original of which was later introduced on the trial of the plea of res judicata and reads in part as follows:
“RELEASE OF ALL CLAIMS
“KNOW ALL MEN BY THESE PRESENTS:
“That the Undersigned, being of lawful age, for the sole consideration of One Hundred and Sixty-eight and 41/100 Dollars ($168.41) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge Mrs. & Mr. Kenneth G. Purvis and his, her, their, or its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 13 day of Sept, 1959 at or near Beechwood & Shelley Dr. Baton Rouge, La.
“It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability therefor and intend merely to avoid litigation and buy their peace.
“The undersigned hereby declare(s) and represent(s) that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this release it is understood and agreed, that the undersigned rely(ies) wholly upon the undersigned’s judgment, belief and knowledge of the nature, extent, affect and duration of said injuries and liability therefor and is made without reliance upon any statement or representation ■of the party or parties hereby released or their representatives or by any physician ■or surgeon by them employed.
“The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.
THE UNDERSIGNED HAS READ THE FORGOING RELEASE AND FULLY UNDERSTANDS IT.
Signed, sealed and delivered this 17 day of Sep. 1959.

*278 Based upon the alternative allegation of concurrent negligence of her husband, Derle G. Long, as a cause of action for Mrs. Long’s suit against her husband’s insurer, Allstate Insurance Company, the latter filed an exception of no right of action based upon the following:
“On or about September 17, 1959, Plaintiff, Mrs. Naomi K. Long and Derle G. Long, signed a receipt and release of any and all claims and demands they might have for a consideration of One Hundred Sixty-Eight and 41/100 ($168.41) Dollars, without any limitation or reservation whatsoever, covering all claims or rights of action of every description, past, present or future, arising or growing out of the collision of September 17, 1959, the said release being given and granted to Royal Indemnity Company in consideration of the payment to them of the sum of One Hundred Sixty Eight and 41/100 ($168.41) Dollars, all as is more fully shown by the original act of release which will be produced on the trial hereof.”
On June 6, 1960 the plea of res judicata filed by the Globe Indemnity Company and the exception of no right of action filed on behalf of the Allstate Insurance Company were taken up, argued and submitted. The minutes further show that counsel for plaintiffs made oral motion that they be allowed additional time in which to amend their petition, and the Court, for oral reasons assigned, "decreed that ruling on the said pleas and exceptions be withheld and plaintiffs be allowed ten days in which to amend their petition.”
On June 15, 1960 plaintiffs filed a supplemental and amended petition in which they set forth that on September 16, 1959 Derle G. Long informed the adjusters of the Globe Indemnity Company that neither he, his wife, nor his children were hurt in the accident and that none of them sustained physical injuries arising out of said accident; that on the basis of no physical injuries involved to petitioners, petitioners settled the claim with the Globe Indemnity Company on September 17th, 1959 for the damage to their automobile in the amount of $168.41; that petitioners were in error as to the physical condition of Mrs. Naomi Long and subsequent to September 17, 1959 they were informed and know that Mrs. Long did suffer physical injuries arising out of said accident and that said agreement, called a “Release of All Claims”, was entered into by all of the contracting parties upon the erroneous assumption that petitioners did not suffer personal injuries in this accident and that, therefore, there was. no meeting of the minds of the contracting parties due to the fact that the agreement signed was based on error of fact, and should be rescinded.
When the exceptions were taken up on June 6, 1960 the original release was placed in the record and the signatures to the release were admitted. No further evidence was taken at that time nor after the filing of the supplemental and amended petition and on July 18, 1960 the District Court for oral reasons overruled the plea of res judi-cata filed on behalf of the Globe Indemnity Company and the exception of no right of action filed on behalf of the Allstate Insurance Company,
Motions for a rehearing -were filed on behalf of Globe Indemnity Company and Allstate Insurance Company from the judgment overruling their respective pleas and such motions for rehearing were overruled by the court on July 25, 1960.
It is our opinion that these exceptions should have been maintained and plaintiffs’ suit dismissed. Subsequent to the overruling of these exceptions and refusal to grant a rehearing, Judge Jess Johnson was assigned by the Supreme Court to serve with the Court of Appeal, Fourth Circuit, and this case was transferred to Judge Fred S. LeBlanc’s division for further proceedings.
On April 19th, 1961 the plaintiff filed a second supplemental and amended petition in which he alleged, among other facts, ad *279 ditional articles with regard to the release. The defendants objected to the second supplemental petition and answered with full reservations of all their rights under the previously filed exceptions as well as the ruling thereon handed down by the District ■Court on July 18, 1960.
 During the trial before the jury, but out of the presence of the jury, plaintiffs’ counsel announced his intention to introduce evidence to show that the release was invalid as to Mrs. Long’s claim for personal injuries. Judge LeBlanc correctly held that these exceptions had been finally decided and that this decision could only be reviewed on appeal, and therefore refused to permit this question to be presented to the jury. Plaintiffs’ counsel then moved to make an offer of proof out of the hearing of the jury to be attached to the record should the case be appealed. Judge LeBlanc correctly held that he was compelled to permit this offer of proof under the provisions of the Code of Civil Procedure. We therefore have before us a volume of testimony on the question of the validity of the release. We have taken the liberty of reading this testimony and hereby state that it does not change but rather strengthens the conclusion that the release was valid. LSA-C.C.P. Article 1636.
The case was duly and lengthily tried by a jury which rendered a verdict in favor of Mrs. Naomi K. Long and against the defendant, Globe Indemnity Company, in the full sum of $2750.00 with legal interest thereon from date of judicial demand, whereupon the trial judge signed a judgment in accordance therewith and in addition rejected the demand as to Allstate Insurance Company.
Globe Indemnity Company by petition appealed from the ruling of the Court in overruling the exception of res judicata and from the jury verdict and judgment rendered in accordance therewith.
The plaintiff, Mrs. Naomi Long, appealed from the verdict of the jury and the judgment of the Court signed in accordance therewith rejecting plaintiff’s demands as to Allstate Insurance Company. Allstate Insurance Company answered the appeal asking for the affirmance of the verdict of the jury and the judgment of the lower court “insofar as it was found that there was no negligence on the part of Derle G. Long, the insured of Allstate Insurance Company * * but alleged a commission of error in overruling the exception of no right of action filed by this company and two other errors with which we will not be concerned in view of the final conclusion which we have reached.
Plaintiffs’ counsel in brief states that the exception of res judicata was presented prior to the recent decisions in Hornsby v. Travelers Indemnity Co. of Hartford, Conn., La.App., 128 So.2d 280, and Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911, decided by the Supreme Court, and that at the time the latest expression of our Courts was Blades v. Southern Farm Bureau, La. App., 95 So.2d 209. None of these cases offer any support or consolation to the plaintiff’s position nor the judgment of the court in overruling the plea of res judicata and no right of action. The release, settlement and/or compromise in this case is clear, unambiguous, lawfully consummated and unless it can be upset by vices of consent consisting of error, fraud, violence, or threats, as are set forth in LSA-Civil Code Art. 1819 et seq., it is binding on the parties. At the 'time the District Judge ruled upon the plea of res judicata and no right of action, he had only the release itself and an admission or stipulation by all counsel that the signatures were genuine and valid. We are not confronted with the proven factual situation that existed in the Hornsby case. In that case this court found and held that “There is not a shred of evidence in this record to indicate that Hornsby, by signing the draft, ever intended to compromise or settle his claim against Travelers in any way.” Even though we include a consid *280 eration of the separate volume of testimony taken on the question of the release, there is nothing therein to prove or throw any doubt upon the fact but that Mrs. Long intended to compromise and settle all claims arising out of the accident. It is also admitted by Mrs. Long and her husband that there was no fraud whatsoever in connection with the execution of the release by them on the part of the agent of the defendant company. In fact, the record shows that prior to and at the time of the signing of the release by plaintiff she had the very symptoms upon which she later based her claim of disability. Plaintiff and her husband both informed the insurance company that neither one of them nor any of the children were injured in the accident, and that the only damage was to the automobile. The plaintiff’s husband signed the release in the agent’s offices and took it home to the plaintiff who signed it and they returned it the next day. Plaintiff was fully cognizant of what she was signing and the contents of the document according to her own testimony and the fact that she was an experienced legal secretary and had worked approximately three years for leading attorneys in the City of Baton Rouge.
The Moak case, supra, is factually distinguishable. In that case the Supreme Court of Louisiana stated that:
“After considering all of the evidence adduced we are certain that neither plaintiff nor her husband thought or intended that the instrument signed by them would release the insurance from her claim for personal injuries; and hence we conclude that it is without effect because of error. Several circumstances support their testimony that they understood that payment of the $242 constituted solely a friendly gesture on the part of Moalc’s insurer to assist them in collecting the balance of their fire loss. * * *
There is no such error shown or even attempted to be shown in the case at bar. Plaintiff and her husband knew that they were settling and releasing any and all claims they might have as a result of the accident.
The case of Tooke v. Houston Fire & Casualty Ins. Company, La.App., 122 So. 2d 109 is practically on all fours with the case at bar and in that case our brethren of the Second Circuit found the facts to be and held:
“In the present case it is established that Mrs. Tooke signed the document of release at the body shop where the car was being repaired; took the instrument home where it was signed by her husband and then mailed it to the defendant’s adjuster. There is no dispute as to the signing of the instrument, nor as to the clear, unambiguous and comprehensive terms which were a part thereof. It is contended by the plaintiffs that neither of them read the release. This constitutes neither an acceptable defense nor a reasonable excuse. It is abundantly clear that plaintiffs are not only literate but intelligent, and they are clearly charged with the responsibility of having read that which could have been read and would have been easily understood. Blades v. Southern Farm Bureau Casualty Ins. Co., La.App., 95 So.2d 209; Thompson v. Kivett & Reel, La.App., 25 So.2d 124.”
The plea of res judicata filed on behalf of the Globe Indemnity Company, defendant herein, should have been sustained. The exceptions of no right of action filed on behalf of Allstate Insurance Company should have been sustained as the release was executed by the plaintiff and no reservation was made of her claim against this insurance company. Article 2203 of the LSA-Civil Code provides :
“The remission or conventional discharge in favor of one of the co-debtors insólido, discharges all the others, unless the creditor has expressly reserved his rights against the latter.”
*281 Also see Guarisco v. Penn Cas. Co., 209 La. 435, 24 So.2d 678; Recile v. United Southern Ice Co., 17 La.App. 611, 136 So. 769; Evans v. Walker, La.App., 111 So.2d 885.
For the above and foregoing reasons the judgment of the District Court in overruling the plea of res judicata and the exception of no right of action and the verdict of the jury and judgment of the court signed in accordance therewith in favor of the plaintiff and against the defendants herein is hereby set aside, annulled and reversed, and it is now ordered, adjudged and decreed that the plea of res judicata filed on behalf of the defendant, Globe Indemnity Company, be and the same is hereby sustained and the plaintiff’s suit dismissed at her cost.
It is further ordered, adjudged and decreed that the exception of no right of action on behalf of the Allstate Insurance Company be and the same is hereby sustained and the plaintiff’s suit dismissed at her cost.
Judgment reversed and rendered.

. The suit of Derle G. Long on his own motion was dismissed as of non-suit and without prejudice.