Dorothy REED, Appellant,

v.

**RHEEM MANUFACTURING COMPANY**
and Employers Mutual Liability Insurance Company of Wisconsin, Appellees.

No. 22463.

United States Court of Appeals
Fifth Circuit.

July 26, 1966.

Sherman F. Raphael, New Orleans, La., for appellant.

Peter H. Beer, New Orleans, La., for appellees.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

RIVES, Circuit Judge:

Dorothy Reed was employed as a domestic servant in the home of Ivan M. Foley in New Orleans. Foley had installed a gas hot water heater manufactured and distributed by Rheem Manufacturing Company (hereafter Rheem). When Dorothy Reed attempted to light the hot water heater an explosion occurred and a back lash of flame severely and permanently injured her vision, face and arms. So Dorothy Reed alleged in her complaint against Rheem and its liability insurer. She predicated her complaint upon negligence and implied warranty, invoking the doctrine of *res ipsa loquitur*, and prayed for the recovery of damages in the amount of $30,000.00.

Rheem and its insurer moved to dismiss the complaint on the ground that Dorothy Reed had previously released any and all claims which she may have had as a result of the accident, and attached to their motion a copy of the release. The consideration for the release was $1,250.00 paid by Foley and his insurer and acknowledged by Dorothy Reed to be "in full settlement of any and all damages to the undersigned * * * arising from or out of any and all matters aforementioned." The release also recited that Foley and his insurer in paying said sum of money did not admit any liability.

Treating the motion to dismiss as a motion for summary judgment,[1] the district court, without disclosing its reasons, granted that motion.

On appeal, Dorothy Reed's counsel takes the same position which he had asserted in brief before the district court, viz:

> "It is the position of the plaintiff that on the basis of the pleadings and affidavits submitted there is not a scintilla of evidence that Ivan M. Foley and/or General Accident F & L Assurance Corporation, Ltd., *and* the defendants at the bar are joint tort-feasors, and accordingly the Court can not say, as a matter of law, that there is no material question of fact to be presented to the jury, as required under the strict dictates of Rule 56, F.R.C.P."

We sustain that position and reverse.

Article 2203 of the Louisiana Civil Code reads as follows:

> "Art. 2203. The remission or conventional discharge in favor of one of the codebtors *in solido,* discharges all the others, unless the creditor has expressly reserved his right against the latter.
>
> "In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

Applying the underlying principle of that article that there is but one debt and hence there can be but one satisfaction of it, the Louisiana courts have consistently held that a release of one joint tort-feasor with no express reservation of rights discharges all joint tort-feasors.[2]

In Louisiana, however, it is also settled that the release of one of several *alleged* joint tort-feasors who is not *in fact* at fault does not release the others, because there can be no joint liability between them.[3]

Apparently the burden of proof in a trial on the merits rests upon an alleged tort-feasor who claims the benefit of a release granted to another to establish that the other "was negligent and thus that he was a joint tort-feasor."[4] In any event, "the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned." 6 Moore F.P. 2d Ed., p. 2342.[5] Before rendering summary judgment, the Court must be satisfied not only that there is no issue as to any material fact but also that the moving party is entitled to a judgment as a matter of law.[6]

According to Dorothy Reed's affidavit filed in opposition to the motion, the $1,250.00 consideration she received for the release was in no way adequate compensation for the injuries she received. Her counsel argued to the district court in brief that the inadequacy of that consideration should be compared with the allegation in the pleadings, to be taken as true for purposes of the motion, that as a result of her injuries she is entitled to recover $30,000.00 from Rheem and its insurer. As has been stated, the release itself contained an express

1. As permitted by Rule 12(b)(6), Fed.R. Civ.P.

2. Reid v. Lowden, 1939, 192 La. 811, 189 So. 286; Guarisco v. Pennsylvania Casualty Co., 1945, 209 La. 435, 24 So.2d 678; Evans v. Walker, 1959, La.App., 111 So.2d 885; Reiley v. Atlas Construction Company, 1962, La.App., 146 So.2d 211; Harvey v. Travelers Insurance Co., 1964, La.App., 163 So.2d 915.

3. Guarisco v. Pennsylvania Casualty Co., supra n. 2, at 24 So.2d 680; see also Evans v. Walker, supra n. 2, 111 So. 2d at 890; Harvey v. Travelers Insurance Co., supra n. 2, 146 So.2d at 922. See also Annotation 73 A.L.R.2d 417, 418.

4. Harvey v. Travelers Insurance Co., supra n. 2, 146 So.2d at 922; see also Evans v. Walker, supra n. 2, 111 So.2d at 890.

5. See also Surkin v. Charteris, 5 Cir. 1952, 197 F.2d 77, 79.

6. Rule 56(c), Fed.R.Civ.P.; Palmer v. Chamberlin, 5 Cir. 1951, 191 F.2d 532, 540, 27 A.L.R.2d 416.

**812**

denial of any admission of liability on the part of Foley and his insurer. All of these circumstances are consistent with Dorothy Reed's position that there is no conclusive proof, indeed no proof whatever, that Foley is a joint tort-feasor with Rheem.

Clearly, the burden rested on Rheem and its insurer, as the parties moving for summary judgment, to prove that there is no genuine issue of fact but that Foley was at fault in injuring Dorothy Reed. Otherwise, there can be no joint liability between Foley and Rheem. Rheem and its insurer having failed to meet that burden, the judgment is reversed and the cause remanded.

Reversed and remanded.