438 So.2d 1152 (1983)
Joseph MARYLAND
v.
FABCO INC., et al.
No. 82 CA 1051.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
Gordon Hackman, Boutte, for plaintiff and appellant.
Robert C. Leininger, Jr., Metairie, for appellees, Fabco Inc., and Mid-Continent Underwriters, Inc.
*1153 Robert C. Stern, New Orleans, for appellee Florida Gas Transp.
Raul R. Bencomo, New Orleans, for appellees Karl J. McNabb, Elsce Bunet and Ray Robertson.
Lawrence J. Ernst, New Orleans, for appellee Dress Industries.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This devolutive appeal arises from a summary judgment granted in favor of defendant, Dresser Industries, Inc., in a suit for worker's compensation and damages filed by plaintiff, Joseph Maryland.
The suit is the result of a slip and fall accident which plaintiff suffered at work on September 12, 1977, causing a slipped intervertebrate disc and other ailments.
Plaintiff's original petition, brought against his employer, Fabco, Inc., and Mid-Continent Underwriters, Inc. demanded increased compensation benefits, the perpetuation of testimony, and payment of transportation expenses, penalties, and attorney fees. Plaintiff subsequently filed a supplemental and amending petition, demanding damages ex delicto from the original defendants, as well as from executive officers of his employer (Karl McNabb, Elsce Brunet, and Ray Robertson), Northwest Insurance Company, the insurer of Fabco and its officers, and a host of third parties (Dresser Industries, Inc., Glasscock Drilling, Inc., and Florida Gas Transmission Company and/or Florida Gas Exploration Company). Plaintiff averred that his injuries were caused by the negligence and intentional acts of the above defendants.
Following a number of pretrial exceptions and motions, a joint petition for judicial approval of a workmen's compensation compromise was submitted by plaintiff and Fabco, Inc., its officers, and their insurer. The trial court rendered judgment approving the workmen's compensation settlement, and subsequently a "Receipt, Release, and Indemnification Agreement" was entered into and made part of the record, releasing Fabco, Inc., its officers and employees, Mid-Continent Underwriters, Inc., and the Northwest Insurance Company "from any and all liability whatsoever arising out of the aforesaid accident, including, but not limited to, any and all liability for workmen's compensation payments, medical expenses, pain and suffering, mental anguish, loss of earnings and earning capacity, whether past, present or future, whether known or unknown, and any and all other liability whatsoever arising out of the aforesaid alleged accident."
Dresser Industries, Inc. (hereinafter "Dresser") moved for summary judgment, arguing that the release of Fabco, its officers and insurers was executed without a reservation of rights against the remaining defendants, and that, under La.Civ.Code art. 2203[1], all the remaining defendants, including Dresser, were discharged. This motion was granted by the trial court, and Dresser was dismissed from the suit. The instant appeal followed.
The issue on appeal is whether a remission without reservation was made in favor of one or more parties solidarily liable, thereby entitling Dresser to discharge as a matter of law.
Plaintiff argues that the released parties were not "codebtors in solido " with Dresser under La.Civ.Code art. 2203, since the only liability of the employer, its officers and its insurers was in workmen's compensation, whereas Dresser's liability is in tort. In Cripe v. Haynes, 350 So.2d 956 (La.App. 2nd Cir.1977), the court stated that the workmen's compensation statute allows an entirely distinct cause of action for statutory *1154 benefits, regardless of fault on the part of the employer; thus, a party obliged to pay compensation is not solidarily liable with another party answerable in damages under La.Civ.Code art. 2315. Compare, in dicta, Dodge v. Central Louisiana Electric Company, 257 So.2d 802 (La.App. 3rd Cir.1972), writ ref. 261 La. 481, 259 So.2d 921 (1972).
La.R.S. 23:1032, the "exclusive remedy" provision[2], states that the employee's right to compensation benefits is exclusive of all rights and remedies vis-a-vis the employer (even when the fault of the employer is the cause of the injury). However, although the employer is not fully answerable in damages, his compensation liability arises from the same set of facts that would result in tort liability against an at-fault third party. Recently in Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982), the Supreme Court stated that an uninsured motorist carrier is solidarily liable by operation of law with a third-party tortfeasor, finding that each was compelled to repair the same damage, despite the differing sources of their obligations. Can the same be said of a tortfeasor and a party obligated to pay workmen's compensation, since their respective obligations arise from the same facts?
We conclude it cannot. The employer's obligation to pay benefits exists even when the injury is caused by the fault of no one; whether or not a third party is also liable in tort has no effect on the employer's statutory responsibility, whereas the UM carrier's contractual responsibility arises only if an uninsured or underinsured tortfeasor has caused the plaintiff-insured damage. Moreover, La.R.S. 23:1101 provides:
"When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
"Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or *1155 become obligated to pay as compensation to such employee or his dependents."
This statute re-affirms that the right to compensation benefits exists independently of the right to assert damages under La.Civ.Code art. 2315. For the employer and third-party tortfeasor to be solidarily liable, the payment of compensation benefits by the employer must extinguish the plaintiff's right to assert the same as elements of damages owed by the tortfeasor, La.Civ.Code art. 2091.[3] Such an effect is impermissible under La.R.S. 23:1101. We thus agree with our brethren of the Second Circuit in Cripe, supra, that the employer (or compensation insurer) is not solidarily liable with a third-party tortfeasor.
However, this determination is not dispositive of the case sub judice. We note that the amended petition filed by plaintiff alleged intentional acts on the part of the employer and executive officers, which, if proven, would result in tort liability against these defendants. La.R.S. 23:1032 (see Footnote 2, supra), Bazley v. Tortorich, 397 So.2d 475 (La.1981). The amended petition alleged plaintiff's injuries were caused by the negligence and intentional acts of all the defendants; thus, the defendants are alleged joint tortfeasors, solidarily liable as such. The agreement in the record unequivocally released the defendants named therein from any and all claims, not merely the compensation claim, including claims for pain and suffering, lost earnings, and medical expenses, which are elements of damages in tort claims. Thus, if there is no genuine issue of material fact as to the liability in tort of the released defendants, Dresser is entitled to discharge as a matter of law, La.Code Civ.P. art. 966.
Nonetheless, the pleadings and answers to interrogatories on file do not in any way demonstrate that plaintiff's injuries were caused by the intentional acts of the released parties. No affidavits setting forth facts admissible into evidence were submitted with the motion for summary judgment, La.Code Civ.P. art. 967, nor are any depositions on file in this matter. The allegation in plaintiff's petition that the negligence and intentional acts of all the defendants caused his injury does not suffice because it is not given the effect of a judicial confession, but is merely a fact placed at issue by the plaintiff. Raley v. Carter, 412 So.2d 1045 (La.1982). Without more, the trial court could not have determined that the released defendants committed intentional acts which caused plaintiff's injuries, and thus were joint tortfeasors who had been released without a reservation against Dresser.
The consolidated cases Guarisco v. Pennsylvania Casualty Co. and Leblanc v. Pennsylvania Casualty Co., 209 La. 435, 24 So.2d 678 (1945), involved wrongful death actions against a railroad company and a motorist's insurer as the result of a car-train collision. The plaintiffs settled with the railroad company, which was released prior to trial without a reservation of rights as against the other defendant. The motorist's insurer brought exceptions of no right of action and pleas in bar based on the compromise with and release of the railroad. In reversing the lower courts by overruling the exceptions and pleas, and remanding the cases to the trial court, the Supreme Court said:
"[U]nless and until it is satisfactorily shown that the damages sustained by the plaintiffs resulted from the joint negligence of the railroad company and the insured (making them liable in solido) the plaintiffs can prosecute their respective cases against the one believed by them to be responsible for the injury (in this case the insurer whose business it is to indemnify against such loss for compensation) and we know of no rule of law that would prohibit them from doing so." 24 So.2d at 680. *1156 See also Reed v. Rheem Manufacturing Company, 364 F.2d 810 (C.A. 5th Cir.1964).
The same approach was taken by the Supreme Court in Raley, supra, although a reservation of rights had been made. The court stated that for the remaining defendant to claim a reduction under La.Civ.Code art. 2203, supra, the burden of proving the negligence of the released defendant(s) was on that defendant remaining. See also, Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir.1964).
In the instant case, there are no facts extant in the record (as it now stands) to establish Dresser's right to discharge as a matter of law; thus, summary judgment was improvidently granted. For Dresser to assert its right to discharge under La.Civ. Code art. 2203, Dresser must, before or during trial, establish that the released defendants were liable in tort for the plaintiff's injuries.
Therefore, for the above and foregoing reasons, judgment of the trial court in favor of defendant, Dresser Industries, Inc., and against plaintiff, Joseph Maryland, dismissing plaintiff's suit at his costs, is hereby reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to defendant-appellee; assessment of costs in the trial court await disposition therein.
REVERSED AND REMANDED.
NOTES
[1] La.Civ.Code art. 2203:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."
[2] La.R.S. 23:1032 reads:

"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
[3] La.Civ.Code art. 2091 reads:

"There is an obligation in solido on the part of the debtors, when they are obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."