304 So.2d 715 (1974)
Floyd N. WRITTEN et al., Plaintiffs-Appellants,
v.
TRAVELERS INDEMNITY COMPANY, Defendant-Appellee.
No. 4799.
Court of Appeal of Louisiana, Third Circuit.
November 27, 1974.
Rehearing Denied January 9, 1975.
*716 Edwins, Cave & McKay by R. C. Edwins, Baton Rouge and William Henry Sanders, Jena, for plaintiff-appellant.
Caffery, Duhe & Davis by J. Louis Gibbens, New Iberia, for defendant-appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
HOOD, Judge.
This is an action for damages arising out of an automobile accident. It was instituted by Floyd N. Written, Richard LeBlanc and Angie Duay, the latter suing individually and as administratrix of the succession of her deceased husband, Carl O. Duay. The defendant is The Travelers Indemnity Company. Travelers filed, among other pleadings, a motion for summary judgment dismissing the suit and an exception of res judicata. Pursuant to that motion a summary judgment was rendered by the trial court dismissing the suit, and the judgment also sustained the exception of res judicata. Plaintiffs have appealed.
The issue presented is whether releases executed by the plaintiffs have the effect of relieving defendant Travelers from liability in this case.
There is no dispute as to any of the material facts. The accident occurred at about 8:55 P.M., on April 13, 1972, at an intersection near the boundary line between Iberia and St. Mary Parishes. At that time plaintiffs, Written and LeBlanc, and the decedent, Duay, were riding as passengers in a motor vehicle owned by Garber Bros., Inc., and being driven by Ronald J. Solar. Garber Brothers owned the seagoing motor vessel "Blue Dolphin," and at the time of the accident all four of the occupants of the above mentioned automobile *717 were employees of Garber Brothers aboard that vessel. They had completed their shift of work on that vessel about 6:00 P.M. on April 13, and they were returning to their homes in their employer's vehicle when the accident occurred. Plaintiffs, Written and LeBlanc, were injured, and the other passenger, Duay, was killed as a result of that accident.
During the year 1972 each of the plaintiffs in this action instituted a separate suit for damages arising out of this accident in the United States District Court for the Eastern District of Louisiana. Written and Duay claimed damages solely from Garber Brothers, while LeBlanc sought to recover from Garber Brothers and Offshore Personnel, Inc. All three of those suits were settled by compromise agreement during the month of April, 1973, and at the time those settlements were made each such suit was formally dismissed by order of the court. The plaintiff in each case signed a formal release of any further claim he might have against Garber Brothers arising out of the above mentioned accident, and those formal releases were filed in the records of the suits then pending in the federal court. The entire record of each such case in the Federal District Court, including the releases, have been filed in evidence in the instant suit.
The release signed by plaintiff Written reads, in part, as follows:
"RECEIVED of the M/V BLUE DOLPHIN, her master, owners, agents, charterers, operators, managers and underwriters, and/or Garber Brothers, Inc., and/or Offshore Personnel, Inc., and/or anyone having any interest in said vessel, the sum of SIXTY THOUSAND & NO/100 ($60,000.00) DOLLARS, in full settlement, satisfaction, discharge and compromise of any and all claims of whatsoever nature and kind, whether in equity, admiralty or law, or under any Workmen's Compensation law, or any Act of Congress of the United States, or for maintenance and cure, or for wages, transportation, doctors' or other expenses, or for damages which I have had, now have or may hereafter have against the M/V BLUE DOLPHIN, her master, owners, agents, charterers, operators, managers and underwriters, and/or Garber Brothers, Inc., and/or Offshore Personnel, Inc., and/or anyone having any interest in said vessel, for any and all injuries and illnesses sustained or incurred by me when I sustained injuries to my jaw, pelvis, back and other parts of my body in an automobile accident at the intersection of Forty Arpent Rd. and St. Peter Rd. on April 13, 1972, all as more fully appears in the law suit referred to hereinafter.
"THE PAYMENT HEREIN MADE is in full settlement, satisfaction and compromise of any and all claims of whatsoever nature and kind I have had, may now have, or may hereafter have growing out of or in any way directly or indirectly related to my injuries and/or illnesses sustained by me in an automobile accident while working as a crewmember on the M/V BLUE DOLPHIN, including any residual disability resulting therefrom, past, present, or future, and full discharge and acquittal is hereby given by me unto the parties hereinabove mentioned."
The releases executed by LeBlanc and Duay contain substantially the same provisions as the one signed by Written. These releases unquestionably relieve Garber Brothers from any further liability for damages arising out of the above mentioned accident.
The instant suit was instituted on April 13, 1973, by all three plaintiffs against The Travelers Indemnity Company. Travelers had issued an automobile liability insurance policy to Garber Brothers, and that policy was in effect at the time of the accident. Plaintiffs seek to recover from Travelers, as the insurer of Garber Brothers and of its employee Solar, who was driving the automobile at the time of the accident.
*718 Travelers contends, as the basis for its motion for summary judgment and exception of res judicata, that the releases executed by plaintiffs relieving Garber Brothers from liability had the effect of fully and finally releasing Travelers from all claims by plaintiffs.
The trial judge held that Travelers, as the insurer of Garber Brothers, was liable in solido with the latter for any damages which might be due plaintiffs, and that the release of Garber Brothers, one of the solidary obligors, had the effect of releasing Travelers from liability. He thus granted defendants' motion for a summary judgment dismissing the suit. We agree.
Under the direct action statute (LSA-R.S. 22:655), the insurer is liable to the claimant in solido with its insured. Shaw v. New York Fire & Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416 (1968); Cunningham v. Hardware Mutual Casualty Company, 228 So.2d 700 (La.App. 1 Cir. 1969).
The release of one solidary obligor, without reservation of the right to claim from another, discharges all solidary obligors from liability. LSA-C.C. art. 2203; Dodge v. Central Louisiana Electric Company, 257 So.2d 802 (La.App. 3 Cir. 1972).
The plaintiffs in the instant suit did not reserve the right to claim damages from another in the releases which they executed. Since Travelers was obligated in solido with its insured, Garber Brothers, for any damages which the latter may have been obligated to pay to plaintiffs, and plaintiffs did not reserve any rights against Travelers, plaintiffs' release of Garber Brothers from liability had the effect of also releasing its solidary obligor, Travelers.
Plaintiffs contend, however, that in executing the releases they did not intend to relieve Travelers of liability, and that they later obtained a "cover letter" from counsel for the insurer of the vessel "Blue Dolphin" which evidenced that fact. The "cover letter" was written on July 3, 1973, and the pertinent part of it reads:
"We confirm our understanding that you are forwarding us a release, fully indemnifying our principals from further involvement in litigation growing out of the injuries to your client, Mr. Written.
"We shall not contest your right to make claim or file suit against parties not named in the release. We look forward to receiving the executed release in due course."
At the hearing held on the motion for summary judgment counsel for plaintiffs testified that it was the clear understanding of everyone involved in the suits pending in the federal court that the releases "were executed solely to release that particular insurance carrier (the insurer of the Blue Dolphin) . . .," that Travelers "had never been asked to contribute to that particular settlement," and that counsel for plaintiffs obtained the above mentioned letter dated July 3, 1973, before he signed the release.
Counsel for plaintiffs also executed an affidavit which was received in evidence at the hearing on the motion for summary judgment. That affidavit reads, in part, as follows:
"It was further understood that there was another litigation pending and the release to be executed in the above settlement was a restrictive release and did not effect anybody other than the insurance carrier of the employer in that litigation.
"At the time of these settlements, the same party plaintiffs had litigation pending against the Police Juries of St. Mary Parish and Iberia Parish and litigation was contemplated or pending in St. Mary Parish and Iberia Parish against the Travelers Indemnity Company."
We do not feel that the "cover letter" from counsel for the insurer of the *719 vessel Blue Dolphin, considered with the testimony and affidavit of counsel for plaintiffs, is sufficient to show that plaintiffs "expressly reserved" their rights against Travelers, as provided in LSA-C. C. art. 2203.
Plaintiffs contend that the suits which they instituted in federal court were claims under the Jones Act, and that the releases executed by plaintiffs were "seamen's releases." They argue that the burden rests on defendant to prove that an adequate consideration was given and that each release was made by the seaman with a full understanding of his rights. They contend that no such proof was presented at the hearing, and that the releases thus are not binding on plaintiffs. The case of Garrett v. Moore-McCormack Company, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942) is cited as authority for that argument.
Plaintiffs argue further that the effect or consequences of a seaman's release are to be determined by the intent of the parties, and that in this case the parties intended for the releases to be "restrictive releases between the parties." They contend that any other interpretation could only be construed as "improper handling or ignorance on the part of plaintiffs' counsel," and that that is a sufficient ground to set aside a seaman's release. To support that argument they cite Cates v. United States, 451 F.2d 411 (5 Cir. 1971), and Leach v. Mon River Towing, Inc., D.C., 363 F.Supp. 637 (1973).
We find no merit to these arguments. The releases involved in the cited cases were executed by seamen, and the claims which they were asserting were governed by admiralty or maritime law. In the instant suit the plaintiffs do not allege or contend that they are seamen, and their claims are not grounded on admiralty or maritime law. The claims which plaintiffs make here are rooted in state law, and we hold that the effect or consequences of the releases which they executed must be governed by state law. In Garrett v. Moore-McCormack Company, supra, the Supreme Court appropriately observed that:
"We do not have in this case an effort of the state court to enforce rights claimed to be rooted in state law. Plaintiff's suit rested on asserted rights granted by the federal law and the state court so treated it."
We have already pointed out that under the laws of this state, and particularly under Article 2203 of the Louisiana Civil Code, the releases which plaintiffs granted to Garber Brothers also discharged the latter's solidary co-debtor, Travelers, since plaintiffs did not expressly reserve their rights against the latter.
Travelers did not issue a liability policy to Solar, the driver of the vehicle involved in the accident. And, the policy which it issued to Garber Brothers specifically excluded coverage of "any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment." Solar was engaged in the business of his employer, Garber Brothers, when this accident occurred, and all of the other occupants of the car were his fellow employees who were injured in the course of their employment. Solar thus was not an insured under the policy when the accident occurred. See Jagneaux v. American Automobile Insurance Company, 136 So.2d 91 (La.App. 3 Cir. 1961).
We find no error in the judgment of the trial court granting defendant's motion for summary judgment and dismissing the suit. Since the suit was properly dismissed on the motion for summary judgment, it is unnecessary for us to consider the exception of res judicata filed by defendant.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.