CHIASSON, Judge.
This is a tort action for injuries received in an automobile accident which occurred on July 12, 1975 between an automobile driven by Robert W. Lemoine and a pickup truck owned by Otis Billeaudeau, Sr. and being driven by Otis J. Billeaudeau, Jr. Jennie Simpson Billeaudeau was a passenger in the Billeaudeau truck and was injured as a result of the collision.
This suit was filed by Jennie Billeaudeau and Otis J. Billeaudeau, Jr. against:
(1) Lemoine and his liability insurer, Manchester Insurance and Indemnity Co., under a policy with limits of $10,-000 per person;
(2) Allstate Insurance Co. as the liability insurer of Otis J. Billeaudeau, Sr., with a $5,000 limit for each person and $10,000 for each accident;
(3) Allstate Insurance Co. as the liability insurer of Otis J. Billeaudeau, Jr., with a $10,000 limit for each person and $10,000 for each accident;
(4) Allstate Insurance Co. as the liability insurer of Jennie Simpson Billeau-deau, by virtue of her being a named insured residing with her father, D. A. Simpson, with a $5,000 limit for each person.
In the alternative, Jennie S. Billeaudeau alleged that Billeaudeau, Jr. was either solely negligent or jointly negligent with Lemoine and therefore Allstate was liable for her injuries.
Lemoine’s insurer was insolvent and the Louisiana Insurance Guaranty Association (LIGA) was added as the successor of the insolvent insurer pursuant to the statutory provisions of La.R.S. 22:1375, et seq.
Allstate answered the plaintiff’s petition and alleged settlement and compromise of the claims asserted by Jennie Simpson Bil-leaudeau by virtue of an agreement she executed on June 30, 1976 with Allstate as *MCDXXVI the insurer of D. A. Simpson, Billeaudeau, Sr. and Billeaudeau, Jr. Allstate also asserted a third party demand against Lem-oine and his insurer for $15,000 which Allstate paid in settlement to Jennie S. Bil-leaudeau under the uninsured/underinsured motorist coverage of the policies issued to Billeaudeau, Sr., Billeaudeau, Jr. and D. A. Simpson.
The trial court found that the accident was caused by the joint negligence of Bil-leaudeau, Jr. and Lemoine. Judgment was rendered dismissing Billeaudeau, Jr.’s lawsuit. Judgment was further rendered in favor of Jennie S. Billeaudeau and against Lemoine, Allstate and LIGA, in solido, for $30,000. LIGA’s liability was limited to $10,000; Allstate’s liability was subject to a credit of $15,000 previously paid on June 30, 1976; and Allstate’s liability under its liability policy was limited to an additional $5,000 as per a written agreement. Allstate’s third party demand for $15,000 against Lemoine was granted. No appeal was taken as to the findings of negligence and as to quantum.
The issues on appeal are whether LIGA and Lemoine are entitled to a credit for the amount recovered by Jennie Billeaudeau from Allstate, and whether Allstate is entitled to a judgment against Lemoine.
As to the first issue, Appellant LIGA argues that had the lower court properly interpreted La.R.S. 22:1386(1), LIGA would have been credited for amounts paid by Allstate.
The following statutory provisions are pertinent to the resolution of this issue:
La.R.S. 22:1376 provides:
“The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers.”
La.R.S. 22:1378 provides:
“This Part shall be liberally construed to effect the purpose under section R.S. 22:1376, which shall constitute an aid and guide to interpretation.”
La.R.S. 22:1386(1) provides:
“Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this Part shall be reduced by the amount of any recovery under such insurance policy.”
La.R.S. 22:1379(3) provides:
“ ‘Covered claim’ means an unpaid claim, including one for unearned premiums, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970 and (a) the claimant or insured is a resident of this state at the time of the insured event; or (b) the property from which the claim arises is permanently located in this state. ‘Covered claim’ shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.”
The trial court read these provisions to mean that plaintiff’s claim against Allstate was in excess of the available liability coverage under Lemoine’s Manchester policy because plaintiff’s claim against Allstate did not arise out of or within the coverage of the Manchester policy and therefore was not a “covered claim” under the LIGA statute. Since the LIGA provisions are to be construed liberally as provided in La.R.S. 22:1376 and because payment by Allstate was not payment on a “covered claim”, then under La.R.S. 22:1386(1) this payment could not be used to reduce LIGA’s liability.
The trial court found that La.R.S. 22:1386(1) was designed to prevent double recovery by the plaintiff and it was not intended to limit LIGA’s liability.
We do not agree with the trial court’s conclusion. It is well settled that in construing a statute the court’s function is to discover and apply the intent of the legisla *MCDXXVII tive body. La.CC art. 18; Gautreau v. Board of Electrical Examiners, 167 So.2d 425 (La.App. 1st Cir. 1964).
We find that La.R.S. 22:1386(1) requires that a person who has a claim against a solvent insurer under any provision in an insurance policy must first exhaust his right under such policy before he can seek recovery from LIGA. Any amount of recovery that is obtained from such a solvent insurer will reduce any amount payable on a covered claim under LIGA’s provisions. There is only one exception in this provision — if a person has a claim against an insolvent insurer, which is also a covered claim, then no reduction of any amount payable by LIGA on a covered claim will be allowed.
We believe the legislative intent is clear. If a person has no solvent insurer to proceed against, and has only a covered claim as defined in the LIGA provisions, then LIGA is liable to the extent specified in La.R.S. 22:1375. If there are any other solvent insurers against whom a person can proceed, he must do so and any money he recovers will reduce the amount LIGA is liable to pay. The intent is to limit LIGA’s liability. LIGA will pay only when there is no solvent insurer against whom a person can proceed or pay only the difference between what is recovered from a solvent insurer and what LIGA is liable to pay on a covered claim.
In the instant case plaintiff recovered from Allstate, a solvent insurer, by way of settlement the sum of $15,000. Since this sum exceeds the amount payable on the covered claim by LIGA, then no money is owed to plaintiff by LIGA.
As to appellant Lemoine, one of the purposes of the LIGA provisions as stated, in La.R.S. 22:1376 is “to avoid financial loss to policyholders.” Had Lem-oine’s insurer been solvent, his policy would have covered $10,000 of his liability. If the stated purpose of the act is to be upheld, then Lemoine should not be put in a worse position solely on the basis that his insurer is insolvent. We hold that Lemoine’s personal liability is reduced by the amount of his liability policy with the insolvent company.[1]
As to the second issue, Allstate settled the claims of Jennie S. Billeaudeau for $15,-000 under the uninsured/underinsured motorist provisions of its policies with Otis J. Billeaudeau, Jr., Otis J. Billeaudeau, Sr. and D. A. Simpson. In the settlement Allstate was subrogated to Jennie S. Billeaudeau’s rights against other persons for her injuries. Allstate filed a third party demand against Lemoine for the $15,000 it had paid Jennie S. Billeaudeau. The trial court awarded Allstate a $15,000 judgment against Lemoine. We reverse.
The trial court found that both Lemoine and Otis J. Billeaudeau, Jr. were responsible for the injuries to Jennie S. Billeaudeau. La.CC art. 2324 provides:
“He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damages caused by such act.”
Under La.CC art. 2203 the remission or conventional discharge in favor of one of the codebtors in solido, discharges all others, unless the creditor has expressly reserved his right against the latter. In a letter dated June 30,1976 and forming part of the agreement, Allstate agreed that it would refrain from attempting to exercise any subrogation rights for the $15,000 paid in settlement against Otis Billeaudeau, Jr. and no rights were expressly reserved as against Lemoine, the other codebtor in soli-do. As provided in La.CC art. 2203, this release had the effect of discharging Lem-oine from any liability as to Allstate. For these reasons, we find Allstate should not have been awarded judgment on its third party demand against Lemoine.
We must now determine judgment to which plaintiff is entitled. If Lemoine’s insurer had not been insolvent and there had been no settlement agreement with Allstate, plaintiff would have been entitled to *MCDXXVIII an in solido judgment against the defendants, and because there were two joint fea-sors, the virile shares would have been $15,-000 each. Lemoine’s liability policy would have covered $10,000 of his share of the liability and Billeaudeau, Jr.’s liability policy would have covered $10,000 of his virile share of his liability. Lemoine, therefore, would have had a personal judgment against him and would be responsible for a total of $5,000. Again, if we are to uphold the LIGA act as hereinbefore stated, his personal liability should not be increased solely because of the fact that his insurer is insolvent. In the instant case, not only is Lemoine’s insurer insolvent, but the plaintiff has limited Allstate’s liability (under its liability policy with limits of $10,000) to the sum of $5,000 should Billeaudeau, Jr. be found responsible for causing the accident.
We hold that this action by plaintiff amounts to a consent to a division of the debt as to one of her codebtors as authorized by La.CC art. 2100, which provides:
“The creditor, who consents to the division of the debt with regard to one of the codebtors, still has an action in solido against the others, but under the deduction of the part of the debtor whom he has discharged from the debt in solido.”
Under this codal provision, plaintiff has remitted solidarity as to Allstate but she has not remitted the debt. Having specified what amount of the debt that Allstate as a codebtor will owe, she has remitted solidarity as to the codebtor. Plaintiff, therefore, can only seek from Lemoine his virile share which is in the amount of $5,000.
As per the agreement, plaintiff is entitled to a judgment against Allstate Insurance Co. in the amount of $5,000.
The judgment appealed from is therefore amended to grant judgment in favor of plaintiff, Jennie S. Billeaudeau, and against Allstate Insurance Co. in the full and true sum of $5,000, with interest thereon from date of judicial demand until paid. Judgment is further rendered in favor of Jennie S. Billeaudeau and against defendant, Lem-oine, in the full and true sum of $5,000, with interest thereon from date of judicial demand until paid. Allstate’s third party demand against Lemoine is dismissed. Further, plaintiff’s demand against Louisiana Insurance Guaranty Association is dismissed. All costs of this proceeding, both in the trial and appellate court, are to be paid by Allstate Insurance Co.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND RENDERED.

. But see Hickerson v. Protective National Ins. Co., La.App. 4th Cir. 1979, 375 So.2d 969, for a different result.