386 So.2d 1359 (1980)
Jennie S. BILLEAUDEAU and Otis J. Billeaudeau, Jr.
v.
Robert W. LEMOINE et al.
Nos. 66680, 66683.
Supreme Court of Louisiana.
June 23, 1980.
Rehearing Denied September 12, 1980.
*1360 Stephen R. Wilson and Joseph F. Keogh, Keogh & Keogh, Ltd., Baton Rouge, for Allstate Ins. Co., applicant in 66680 and respondent in 66683.
Thomas D. Benoit, Smith & Smith, Baton Rouge, for plaintiff-applicant in 66683 and for respondent in 66680.
James B. Thompson, III, Richard Creed, Jr., Dale, Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, for defendants-respondents in both cases.
MARCUS, Justice.
Jennie S. Billeaudeau and her husband, Otis J. Billeaudeau, Jr., filed this suit against Robert W. Lemoine, Manchester Insurance and Indemnity Company (Manchester) and Allstate Insurance Company (Allstate) seeking damages for personal injuries sustained by them in an accident between an automobile driven by Lemoine and a pickup truck owned by Otis J. Billeaudeau, Sr. and driven by Billeaudeau, Jr. Jennie S. Billeaudeau was a passenger in the pickup truck. Manchester was the liability insurer of Lemoine, and Allstate was the liability insurer of Billeaudeau, Jr., Billeaudeau, Sr. and Jennie S. Billeaudeau.
Lemoine answered generally denying the allegations of plaintiffs' petition and affirmatively pleaded the defenses of contributory negligence and assumption of risk. Allstate answered plaintiffs' petition and alleged settlement and compromise of the claims asserted by Jennie S. Billeaudeau by virtue of an agreement she executed with Allstate; Allstate also asserted a third party demand against Lemoine and his insurer (Manchester) for $15,000 which Allstate paid Billeaudeau, Jr. and Jennie S. Billeaudeau for their release of Allstate from liability under the uninsured motorist coverage of the various Allstate policies. Manchester was insolvent and Louisiana Insurance Guaranty Association (LIGA) was added as successor of the insolvent insurer pursuant to La.R.S. 22:1375-:1394. Proceedings against Manchester were stayed.
After trial on the merits, the trial judge found the accident was caused by the joint negligence of Billeaudeau, Jr. and Lemoine. Judgment was rendered dismissing Billeaudeau, Jr.'s lawsuit. Judgment was further rendered in favor of Jennie S. Billeaudeau and against Lemoine, Allstate and LIGA, in solido, for $30,000. LIGA's liability was limited to $10,000, the amount of the Manchester policy. Allstate's liability was subject to a credit of $15,000 which Allstate had previously paid in settlement to Jennie S. Billeaudeau under the uninsured motorist coverage of the Allstate policies; Allstate's liability under its liability policy was limited to an additional $5,000 as per a written agreement between plaintiffs and Allstate. Allstate's third party demand for $15,000 against Lemoine was granted. Lemoine and LIGA appealed. No appeal was taken as to the findings of negligence and quantum.
The court of appeal affirmed in part, reversed in part, and amended the judgment. As amended, the judgment was in favor of Jennie S. Billeaudeau and against Allstate for $5,000 and against Lemoine for $5,000; her demand against LIGA was dismissed. Allstate's third party demand against Lemoine was also dismissed.[1] Upon separate applications of Jennie S. Billeaudeau and Allstate, we granted certiorari to review the correctness of this decision.[2]
The issues to be resolved in this litigation are: (1) whether LIGA is entitled to a credit against its liability limit for any sums received by Jennie S. Billeaudeau from Allstate and (2) whether Allstate is entitled to *1361 a judgment on its third party demand against Lemoine.

1.
Prior to filing suit, plaintiff and Allstate reached a settlement of any claims plaintiff may have had against Allstate under the uninsured motorist provisions of the various Allstate policies. In return for the release of Allstate from liability under the uninsured motorist provisions and the subrogation of Allstate to plaintiff's claim to the extent of the payment made, plaintiff received $15,000. At the same time, plaintiff agreed Allstate's liability under the liability provisions of its policies would be limited to $5,000. The policies involved otherwise would provide total liability coverage of $15,000.
After executing the settlement, plaintiff filed suit against Lemoine, Allstate and Manchester. However, Manchester is insolvent, and LIGA is substituted as defendant for Manchester. LIGA contends that by virtue of La.R.S. 22:1386(1) it is entitled to a credit for any sums received by plaintiff from Allstate. La.R.S. 22:1386(1) provides:
Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this Part shall be reduced by the amount of any recovery under such insurance policy.
This issue was recently considered by this court in Hickerson v. Protective National Insurance Company, 383 So.2d 377 (La., 1980). There, we noted La.R.S. 22:1382(1)(b) provides LIGA shall "[b]e deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent." We also noted the purpose of the Insurance Guaranty Association Law, "to avoid financial loss to claimants or policyholders because of the insolvency of an insurer," La.R.S. 22:1376, is thwarted by requiring an injured party to proceed first against his or her own insurer. We held that "[t]he only statutory interpretation which will effect the purposes of the Insurance Guaranty Association Law is to deem LIGA the insurer with all the obligations of the insolvent insurer. To the extent of that coverage, the individual defendants were insured."
Accordingly, in the instant case, LIGA is to be treated as though it were the insurer that issued Lemoine's policy. The trial judge found Lemoine's policy with Manchester limits LIGA's liability to $10,000. LIGA is not entitled to a credit against its liability limit for any sums received by plaintiff from Allstate.
The trial judge found both Billeaudeau, Jr. and Lemoine negligently caused the injuries of Jennie S. Billeaudeau. He further determined that an award of $30,000 would adequately compensate her for her damages. Ordinarily, Lemoine and the two liability insurers (Allstate and LIGA) would be held liable, in solido, for the full amount of plaintiff's damages, with the liabilities of the insurers limited to the amounts provided in their policies.
Here, however, plaintiff and Allstate made an agreement that the maximum liability coverage of Allstate in this case would be $5,000. Accordingly, Allstate can be cast for no more than $5,000. And, because Lemoine and LIGA were not parties to the agreement, it cannot affect their liabilities. La.Civil Code art. 2100 provides:
The creditor, who consents to the division of the debt with regard to one of the codebtors, still has an action in solido against the others, but under the deduction of the part of the debtor whom he has discharged from the debt in solido.

In the instant case, plaintiff has agreed $5,000 is Allstate's part of the debt. Hence, we consider plaintiff has consented to a division of the debt. Lemoine and LIGA cannot be liable for more than Lemoine's virile share. The virile share is one-half, or $15,000. As this is more than the $10,000 liability limit of LIGA, it is only liable for $10,000. Five thousand dollars of Lemoine's virile share is uninsured. Ordinarily, *1362 Lemoine would be liable for this amount. However, when Allstate and plaintiff settled the claim for the uninsured portion of plaintiff's damages, plaintiff subrogated Allstate to her claim for this amount. Allstate has paid in Lemoine's behalf and he owes plaintiff nothing.
Accordingly, judgment in the main demand will be rendered in favor of plaintiff and against Allstate for $5,000 and against LIGA for $10,000. Plaintiff's claim against Lemoine will be dismissed.

2.
Next, we consider whether Allstate is entitled to a judgment on its third party demand against Lemoine. As part of the settlement of the uninsured motorist claim, plaintiffs and Allstate executed a document which subrogated Allstate to Jennie S. Billeaudeau's claim to the extent of the payment made. However, Lemoine contends that he has been discharged by a letter written by plaintiffs' attorney to which Allstate's representative agreed on the day of settlement. That letter provides in part:
As per our settlement agreement yesterday and your memorandum letter of that day stating broadly our intent and purpose, I concur in the statements therein; however, I add for the record and out of an over-abundance of caution, that we mutually understood and contemplated that Allstate would refrain from attempting to exercise any subrogation rights for this $15,000.00 that it might have against Otis Billedeau, Jr. [sic], a named payee on the check.
Lemoine argues that he and Billeaudeau, Jr. are solidary obligors, and since Allstate released Billeaudeau, Jr. without reserving rights against him, he too was discharged. We agree.
The trial judge found the accident was caused by the joint negligence of Billeaudeau, Jr. and Lemoine. It is well settled that joint tortfeasors are solidarily liable for damages resulting from their concurrent negligence or wrongdoing. Guarisco v. Pennsylvania Cas. Co., 209 La. 435, 24 So.2d 678 (1945); Reid v. Lowden, 192 La. 811, 189 So. 286 (1939); Irwin v. Scribner, 15 La.Ann. 583 (1860). Hence, Billeaudeau, Jr. and Lemoine were liable in solido to Jennie S. Billeaudeau for her injuries. She subrogated Allstate to her cause of action to the extent of the payment made. Thus, Allstate had a cause of action against Billeaudeau, Jr. and Lemoine in solido to the extent of the payment made.
La.Civil Code art. 2203 provides:
The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.
Accordingly, if Allstate discharged Billeaudeau, Jr. without expressly reserving its right against Lemoine, that right has been lost. Guarisco v. Pennsylvania Cas. Co., supra; Reid v. Lowden, surpa.
Allstate agreed to "refrain from attempting to exercise any subrogation rights for [the payment made] that it might have against" Otis Billeaudeau, Jr. We consider this language to constitute a conventional discharge of Billeaudeau, Jr. from his liability to Allstate. Allstate did not expressly reserve its right against Lemoine. Hence, Lemoine too was discharged. Accordingly, Allstate cannot recover on its third party demand.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it denied Jennie S. Billeaudeau judgment against Louisiana Insurance Guaranty Association and awarded her judgment against Robert W. Lemoine; judgment is rendered in favor of Jennie S. Billeaudeau against Louisiana Insurance Guaranty Association for $10,000 and in favor of Robert W. Lemoine against Jennie S. Billeaudeau dismissing her claim; otherwise, the judgment of the court of appeal is affirmed.
LEMMON, J., dissents in part.
NOTES
[1] 377 So.2d 1344 (La.App. 1st Cir. 1979).
[2] 381 So.2d 511 (La.1980).