463 So.2d 685 (1985)
Curtis CARGO (Deceased) Geraldine Cargo
v.
Karen GREEN, Allen Green, the State Farm Insurance Co., Boyce, Inc., and American Honda Motor Company.
No. CA-2226.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
*686 Darlene M. Jacobs, P.C., New Orleans, for plaintiff-appellant, Geraldine Cargo.
Lawrence J. Duplass, New Orleans, for defendant-appellee, The American Honda Motor Co., Inc.
Felix R. Weill, Watson, Blanche, Wilson & Posner, Baton Rouge, for defendant-appellee, Boyce, Inc.
Before GARRISON, BARRY and LOBRANO, JJ.
BARRY, Judge.
Plaintiff appeals a summary judgment based on a release granted to three co-defendants without an express reservation as to two other defendants. We affirm.
Curtis Cargo was on his motorcycle when an automobile driven by Karen Green suddenly pulled into Cargo's lane of traffic from a secondary street. Cargo's brakes allegedly did not respond and he struck the Green vehicle causing injuries which ultimately resulted in his death. Cargo's mother was substituted as party plaintiff.
Cargo sued Green, her husband (owner of the car), State Farm Insurance Company, their liability insurer, Boyce, Inc., retail distributor of the motorcycle, and American Honda Motor Company, Inc., manufacturer of the motorcycle.
The claim against the Greens and State Farm was settled and Mrs. Cargo executed a release in their favor. The release made no reference to Boyce and American Honda.
Boyce and American Honda filed exceptions of res judicata and motions for summary judgment. The trial court granted summary judgment because the release did not expressly reserve rights as to either co-defendant. We affirm.
Plaintiff argues it was error to conclude that Boyce and American Honda are liable in solido as joint tortfeasors with the Greens and State Farm. This argument is premised on the theory that separate acts of negligence establish separate liability, i.e., Karen Green failed to properly operate her automobile, and Boyce and American Honda did not provide an adequate braking system for the motorcycle.
Plaintiff's argument is based on the erroneous contention that solidarity cannot exist among tortfeasors when the remedy available from each is different. LSA-C.C. Art. 2324 sets forth the basis for solidary liability among tortfeasors:
He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido ...
*687 Although solidary liability most often results when tortfeasors jointly cause harm, a solidary obligation can arise even though the obligations develop from separate acts or due to different reasons. Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982). Our courts have consistently applied solidarity to separate but joint tortfeasors. Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980); Wells v. Hartford Accident and Indemnity Co., 437 So.2d 295 (La.App. 3rd Cir.1983), writ denied, 443 So.2d 582 (La. 1983); Guarisco v. Pennsylvania Casualty Company, 24 So.2d 678 (La. 1945); Reid v. Lowden, 189 So. 286 (La. 1939).
In Johnson v. Ford Motor Company, 707 F.2d 189 (5th Cir.1983) plaintiff's automobile caught fire when it was struck in the rear by another automobile. Plaintiff sued the other driver and various liability insurers in state court, then filed suit in federal court against the manufacturer of his automobile. The state court action was settled and releases executed without any mention of the manufacturer or the pending federal action. The federal appellate court affirmed a summary judgment because the release had no express reservation of rights as to the manufacturer.
The Johnson court rejected the contention that no solidarity exists among tortfeasors when the remedy available from each is different. It noted under Louisiana law solidarity is imposed "upon persons who are strangers to each other but who have each contributed to bringing about the same wrong, as in the case of concurrently yet independently negligent actors." Johnson v. Ford Motor Company, supra at 191-192.
The facts of Johnson are indistinguishable from this case. It is clear that Boyce and American Honda are solidary obligors with the Greens and State Farm.
Plaintiff next contends that summary judgment was inappropriate because the evidence was insufficient to establish as a matter of law the joint tortfeasor status of the defendants.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits. Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir. 1980).
Plaintiff's petition alleged the sole and proximate cause of the accident was the "joint and concurrent negligence" of the Greens with American Honda and Boyce. The petition clearly alleges facts sufficient to establish Karen Green's status as a joint tortfeasor. American Honda and Boyce filed answers admitting the negligence of Karen Green was the proximate cause of the accident.
Plaintiff has consistently urged and the written interrogatories and pleadings clearly establish the joint tortfeasor status of the parties. The trial judge correctly concluded that the Greens, American Honda and Boyce are joint tortfeasors, liable in solido.
Plaintiff argues that despite the joint tortfeasor relationship, the agreement releasing the Greens and their liability insurer did not automatically release the co-defendants. She contends a material issue of fact exists as to the intent of the parties in executing the release.
LSA-C.C. Art. 2203[1] provides in part:
The remission or conventional discharge in favor of one of the co-debtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
*688 In applying Art. 2203 our courts have held that the release of one joint tortfeasor without an express reservation of rights discharges all joint tortfeasors. Billeaudeau v. Lemoine, supra; Reid v. Lowden, supra; Wells v. Hartford Accident and Indemnity Co., supra; United States Fidelity and Guaranty Co. v. Safeco Insurance Company of America, 420 So.2d 484 (La.App. 1st Cir.1982); Written v. Travelers Indemnity Company, 304 So.2d 715 (La.App. 3rd Cir.1974).
The release acknowledged receipt of consideration and authorized release and discharge of:
KAREN B. GREEN, ALLEN GREEN, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY of and from any and all claims or demands of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by KAREN B. GREEN, ALLEN GREEN, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, prior to and including the date thereof, and particularly on account of any and all claims which I have or may have for injuries, damage, loss or expenses, regardless of the kind or nature, as a result of the accident which occurred on or about MAY 28, 1981, AT OR NEAR THE INTERSECTION OF FRISCOVILLE STREET AND PONTALBA, CITY OF ARABI, STATE OF LOUISIANA, RESULTING IN THE DEATH OF HER SON, CURTIS CARGO.
There is no express reservation as to any party. Plaintiff contends the specific and singular references to the Greens and State Farm shows the release was limited to those parties. However, Wells v. Hartford Accident and Indemnity Company, supra at 298-299, said:
LSA-C.C. Art. 2203 does not require that all co-debtors in solido be parties to a conventional remission or conventional discharge executed in favor of a co-debtor nor does such article require that the conventional remission or discharge contain "catch-all" language releasing all other possibly liable co-debtors in solido. Quite to the contrary, Article 2203, by its express terms, operates to release all co-debtors in solido upon discharge of one unless the creditor has expressly reserved his rights against those codebtors not parties to the release.

Therefore, under the plain terms of Art. 2203, the release discharged plaintiff's rights against American Honda and Boyce.
Plaintiff claims she had no intent to release American Honda and Boyce and cites a Limited Motion to Dismiss which was filed in state court:
The above numbered and entitled cause has been settled as between plaintiff, GERALDINE CARGO, and defendants, KAREN B. GREEN, ALLEN GREEN, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ONLY, with prejudice, each party to bear their own costs of court; and with plaintiff reserving her rights to proceed as against BOYCE, INC. AND AMERICAN HONDA MOTOR COMPANY, INC.
Plaintiff submits this motion creates a material issue of fact as to the intent of the parties in executing the release.
Reliance on the motion to dismiss is misguided. A party's intent, although relevant and helpful in the interpretation of a release, may not substitute for the obligatory express reservation. Johnson v. Ford Motor Company, supra. Our jurisprudence shows that the reservation required by Art. 2203 must be incorporated in the release. Reid v. Lowden, supra; Wells v. Hartford Accident and Indemnity Co, supra; Written v. Travelers Indemnity Co., supra.
Plaintiff cites Wise v. Prescott, 142 So.2d 613 (La.App. 4th Cir.1962) for the proposition that the intent to reserve a right against co-debtors may be inferred from any expression in the release which negates the intent to release. However, in Wise the release stipulated that it would "forever discharge the Allstate Insurance Co. and Vestor Prescott only." Therefore, that release contained language which evidenced an intent to reserve the plaintiff's *689 rights. No such language or expressed intent is in the instant release.
The release fails to disclose any ambiguity. To the contrary, it is clear and even recited that:
THE AFORESAID PAYMENT is also received in full compromise and settlement of the matter entitled: ..." CURTIS CARGO vs. KAREN B. GREEN, ALLEN GREEN, THE STATE FARM INSURANCE COMPANY, BOYCE, INC., AND AMERICAN HONDA MOTOR COMPANY, INC.", CIVIL DISTRICT COURT, PARISH OF ORLEANS, STATE OF LOUISIANA, BEARING SUIT # 81-17315, DIVISION "A" ... and I hereby instruct my Counsel of Record to file an appropriate motion dismissing said suit, with prejudice, each party to bear their own costs of court.
Absent ambiguity, parol evidence which would vary the terms of the release is clearly inadmissible. Reid v. Lowden, supra; Wells v. Hartford Accident and Indemnity Co., supra; Written v. Travelers Indemnity Co., supra. Plaintiff is bound by the express terms of her agreement.
Summary judgment is affirmed.
AFFIRMED.
NOTES
[1] Act 331 of 1984 repealed the express reservation requirement.