SCHOTT, Judge.
This case arose out of a water skiing accident which occurred on August 17, 1981. On January 22, 1982 plaintiff sued Lake Forest Leasing, Inc., the owner of the lake where the accident occurred, and on November 10, 1982 plaintiff joined Gravois Louisiana Dredging Company, Inc. as a defendant. In this amending petition plaintiff alleged that Gravois was jointly and solidarily liable to him with Lake Forest because it was negligent in the performance of dredging work which it had contracted to perform for Lake Forest. On *555 October 2, 1984 plaintiff settled his case with Lake Forest; and Gravois, at the beginning of trial on January 9, 1985, filed a peremptory exception on the ground that the absence of a reservation of plaintiffs right to pursue Gravois in the release he gave Lake Forest effected a release in favor of Gravois since Lake Forest and Gra-vois were joint tort feasors. Alternatively, Gravois excepted on the ground of prescription if it and Lake Forest were not joint tort feasors. From a judgment in favor of plaintiff, Gravois has appealed.
The release in favor of Lake Forest contains no reservation of rights to plaintiff to proceed against another. Consequently it had the effect of discharging Gravois if it was liable in solido with Lake Forest. LSA-C.C. art. 2203 (prior to its repeal by Act 331 of 1984); Cargo v. Green, 463 So.2d 685 (La.App. 4th Cir. 1985). Evidence was taken at the trial bearing on the question of the solidary liability of Gravois. However, if Gravois was not solidarily liable with Lake Forest, as in the case of a joint tort feasor, the suit filed against it almost fifteen months after the accident was prescribed. C.C. art. 3536 (now art. 3492); Seales v. State, 411 So.2d 658 (La.App. 4th Cir.1982).
Plaintiff first relies on act 331 of 1984 which effectively repealed former C.C. art. 2203. The effective date of this act was January 1, 1985. Therefore, it had no effect on the release already given to Gravois in October, 1984 when the release to Lake Forest was executed.
Next plaintiff relies on the language of his motion to dismiss the suit against Lake Forest which was filed pursuant to the release. He points to this document’s title “Partial Motion and Order of Dismissal” and the fact that it dismissed only Lake Forest as proof of his intention to reserve his rights against Gravois. In Cargo v. Green, supra, the same argument was made and rejected by the court. Implied intent in the motion to dismiss is not a substitute for the obligatory express reservation in the release. Furthermore, when the motion was filed pursuant to the release it could not revive plaintiffs claim against Gravois which was settled when the release was signed.
Plaintiff also argues that the testimony of Lake Forest’s attorney should have been admitted to prove the intentions of the parties that the release was not to run in favor of Gravois. First, the settlement agreement was clear and unambiguous and no legal basis was established for the introduction of parole evidence to alter it. C.C. art. 1848. Furthermore, regardless of intent the absence of an express reservation triggered the release under former C.C. art. 2203 so that the proffered testimony was irrelevant.
Finally, plaintiff cites Guarisco v. Pennsylvania Casualty Co., 209 La. 435, 24 So.2d 678 (1945) as authority for admitting the testimony of Lake Forest’s attorney concerning the intent of the parties in executing the release. However, the released party in that case appeared to have no liability to plaintiff and the court placed the burden on the defendant to prove that the party released was solidarily liable in order to gain the benefits of the release. In the instant case, the facts show that Lake Forest as owner of the lake containing the hazard supposedly left by Gravois was liable for plaintiff’s injuries. Moreover, plaintiff admitted that Gravois and Lake Forest were solidarily liable in his amending petition.
In defense to the alternate claim of Gravois of prescription plaintiff cites Lewoine v. Avoyelles Farmers Co-op, 307 So.2d 762 (La.App. 2d Cir.1975) for the proposition that prescription does not run against one who is ignorant of the existence of facts which would enable him to bring suit when such ignorance is not willful and does not result from negligence. Plaintiff put on no evidence to show that his ignorance of Gravois’s involvement was not the result of his own negligence in the investigation of his claim. He failed to carry the burden of proof placed on him to show entitlement to some exception to the normal rule of prescription imposed by former C.C. art. 3536.
*556 Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendant, Gravois Louisiana Dredging, Inc., and against plaintiff, Patrick R. Early, dismissing his case at his cost.
REVERSED AND RENDERED.