WICKER, Judge.
This is an automobile accident case in which the defendant’s liability insurer (Colonial Lloyd’s Insurance Company) is insolvent. Also named defendants are the Louisiana Insurance Guaranty Association (LIGA) and plaintiffs own uninsured/underinsured motorists liability (UM) insurer, Allstate Insurance Company. LIGA moved for partial summary judgment on the issue of whether the plaintiff must first exhaust her remedies against Allstate before seeking recovery from LIGA. The trial court ruled in favor of LIGA and Allstate appeals. We affirm, for the reasons that follow.
At issue is whether a statute regulating liability of the Louisiana Insurance Guaranty Association has retroactive application. The statute in question is La.R.S. 22:1386, the Nonduplication of Recovery Statute, which is within the Insurance Guaranty Association Law portion of the Insurance Code. At the time of the accident in this case (August 17, 1990), the pertinent part of the statute read as follows:
(1) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust, first his right under such policy. Any amount payable on a covered claim under this Part shall be reduced by the amount of any recovery under such insurance policy.
La.R.S. 22:1386 (1978). Jurisprudence interpreting that version of the statute held that La.R.S. 22:1386 put LIGA in the position of the insolvent insurer as priming the UM insurance carrier. See Hickerson v. Protective National Insurance Company of Omaha, 383 So.2d 377 (La.1980); Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980).
However, La.R.S. 22:1386 was amended by Act 130 of 1990 (effective September 7, 1990, two days after suit was filed herein), to provide in pertinent part as follows:
(1) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. Any amounts payable by such other insurance shall act as a dollar-for-dollar credit against any liability of the association under this Part. [Emphasis added, changes shown in italics.]
LSA-R.S. 22:1386 as amended by Acts 1990, No. 130, eff. Sept. 7, 1990. This amendment clearly required an injured claimant to first exhaust his UM coverage before recovering against LIGA.
The statute was further amended in 1992 by Act 237, which essentially reenacted the statute as amended by Act 130 of 1990.[1] In addition,. however, Section 3 of Act 237 provided, “This Act shall apply to all covered claims ... pending on or arising on or after the effective date of this Act. [Emphasis ■ added.]” The effective date of Act 237 of 1992 was June 10, 1992.
*13 The two amendments to the statute changed the obligations of LIGA vis-a-vis the UM carrier. Under the original version of the statute, as interpreted by Hickerson and Billeaudeau, LIGA had the obligation to pay out first and primed the UM carrier, whose obligation to pay arose only after LIGA did so. The first amendment, Act 130 of 1990, changed the obligation so that the UM carrier would pay out first and prime LIGA. The second amendment, Act 237 of 1992, as applicable herein, made the amended version of the statute apply to claims pending on or arising prior to or on the act’s effective date.
In this case Allstate argued before the trial court that the changes in the statute cannot be applied here because liability arose prior to the effective date of either amendment, and retroactive application would violate rights vested under the preexisting insurance contract between Allstate and the plaintiff— specifically, Allstate’s right to have LIGA stand in the shoes of the insolvent insurer, so that Allstate’s liability is only for amounts in excess of a tortfeasor’s liability insurance coverage even where the tortfeasor’s insurer is insolvent.
We need not engage in extensive discussion of this issue, because the question has just been settled for us by the state supreme court. In Segura v. Frank, consolidated with Rey v. Guidry, 630 So.2d 714 (La.1994), the Louisiana Supreme Court resolved a conflict between the circuit courts of appeal in interpreting La.R.S. 22:1386.
The court held, “In sum, the 1990 amendment to La.R.S. 22:1387 is neither procedural nor interpretive but substantive. Since the legislature expressed no intent in Act 130 of 1990 that the amendment apply retroactively, under La.C.C. art. 6 the amendment applies prospectively only.” Segura v. Frank, supra, at 725. However, the court found that Act 237 of 1992, although it also is substantive, is to be retroactively applied, because Section 3 of the Act “constitutes an expression of legislative intent regarding retroactive application of the statute as amended and reenacted by the 1992 Act.” Id., at 725. Thus, unlike the 1990 amendment the 1992 amendment can be applied retroactively if two requisites are met: “[Fjirst, each claim must have been ‘pending’ on June 10, 1992, the effective date of Act 237 of 1992; second, retroactive application of the amendment must not violate the federal and state constitutional prohibitions against impairment of contractual obligations or disturbance of vested rights.” Id., at 725-726.
In this ease, there is no question the claim was “pending” on June 10,1992, the effective date of Act 237 of 1992, because the accident occurred on August 17, 1990, this suit was filed on September 5, 1990, the partial summary judgment was rendered on June 1, 1993, and that judgment is not yet final because of this appeal. As to the second requisite, whether retroactive application would unconstitutionally impair Allstate’s vested contractual rights under its policy, we follow the reasoning of the supreme court in Segura v. Frank, supra, and adopt its final conclusion:
In sum, although retroactive application of La.R.S. 22:1386 as amended by Act 237 of 1992 would impair American’s and Allstate’s contractual obligations under the UM policies by making them primarily liable for Segura’s and Rey’s claims against Dixie Lloyds, the adjustment of the UM insurers’ rights and responsibilities is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation’s adoption. Accordingly, under the appropriate Contract Clause standard, we conclude retroactive application of Act 237 of 1992 would violate neither the federal nor the state constitutional prohibitions against impairment of contractual obligations.
Id., at 733.
Accordingly, the judgment of the district court is AFFIRMED. Costs of this appeal are assessed against the appellant, Allstate Insurance Company.

AFFIRMED.

. A. Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. As to the association, any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant. [Emphasis added.]
LSA-R.S. 22:1386 as amended by Acts 1992, No. 237, eff. June 10, 1992 (changes shown in italics).