PER CURIAM.
Dora S. Daoud, the former wife, raises four issues in this appeal of a contempt order resulting from her failure to comply with the final judgment dissolving her marriage to Khader Daoud, the former husband. We find merit in her challenge of the trial court’s modification of property rights previously adjudicated in the dissolution judgment, and reverse and remand on that issue. We affirm without comment the balance of the appealed order.
Absent appropriate pleadings by the former husband, a trial court lacks jurisdiction to alter or modify the property rights awarded to the former wife in the dissolution judgment. Work v. Provine, 632 So.2d 11,19, 1121 (Fla. 1st DCA 1994) (“Generally speaking, in the absence of a specific reservation of jurisdiction to make a later adjudication of property rights, a lower court does not have jurisdiction to modify property rights after an adjudication of those rights has been made in a judgment of dissolution.”). Further, the general reservation of jurisdiction for the enforcement of its dissolution judgment does not empower a trial court to address or redistribute vested property between the parties. Id.; Fort v. Fort, 951 So.2d 1020, 1022 (Fla. 1st DCA 2007). Based on our review of the record, the former husband failed to properly plead for modification of the real property distribution contained in the dissolution judgment, and the trial court failed to specifically reserve jurisdiction to alter the prior distribution of property.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.
VAN NORTWICK, RAY, and OSTERHAUS, JJ., concur.