FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-4173
_____

HALA M. FARID,

    Appellant,

    v.

CLAUDE RABBATH,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Dawn Caloca-Johnson, Judge.

May 16, 2019


PER CURIAM.

    Hala M. Farid, the former wife, appeals an order redistributing property and finding both parties in violation of the equitable distribution terms in the final judgment. Because the trial court's order is an impermissible modification of the final judgment in an enforcement proceeding, we reverse.

    A Final Judgment of Dissolution of Marriage was issued on November 29, 2007, and a Supplemental Final Judgment entered in 2010. As part of the equitable distribution, the former husband, Claude Rabbath, was awarded personal property shipped from Kuwait, which the court valued at $100,000. The former husband was then ordered to pay the former wife $111,357.80 over the following four years at a rate of $2,319.95. monthly.

On March 16, 2016, the former wife filed a Verified Motion for Civil Contempt and Enforcement, alleging the former husband had willfully failed to comply with the final order by not making any payments toward the equitable property distribution. Thereafter, on May 13, 2016, the former husband filed a Verified Motion for Enforcement, Contempt and Attorney's Fees and Costs. The former husband requested the former wife be held in contempt for failing to deliver the $100,000 in personal property he was awarded.

At the enforcement hearing, the trial court found that both parties had violated the terms of the final judgment. However, instead of enforcing the final judgment, the trial court changed the terms of distribution. The former wife was awarded ownership of the personal property shipped from Kuwait, and the former husband a $100,000 credit for the property awarded to the former wife against his equitable distribution equalization payment of $111,357.80. The former husband was ordered to pay the balance, $11,357.80, plus interest, and minus alimony and child support overpayment.

This Court reviews orders on motions for enforcement for abuse of discretion. *See Dugan v. Dugan*, 498 So. 2d 989, 991 (Fla. 1st DCA 1986). However, where a trial judge fails to apply the correct legal rule, the action is erroneous as a matter of law. *Kennedy v. Kennedy*, 622 So. 2d 1033, 1034 (Fla. 5th DCA 1993).

"A party's property rights, if determined by a final judgment of dissolution of marriage, are fixed as a matter of law by the judgment, unless there is a reservation of jurisdiction." *Fort v. Fort*, 951 So. 2d 1020, 1022 (Fla. 1st DCA 2007); *see also Bridges v. Bridges*, 848 So. 2d 403, 404 (Fla. 2d DCA 2003) (reversing the lower court when, in an attempt to enforce the final judgment of dissolution of marriage, the lower court changed the former wife's award of tangible property into an award of money damages); *Janovic v. Janovic*, 814 So. 2d 1096, 1100-01 (Fla. 1st DCA 2002) ("A trial court may not, in the guise of enforcement proceeding readdress the distribution of property when the property has been previously distributed . . ."). Once the final judgment becomes final, the lower court does not retain the power to modify the

2

equitable distribution of property. *McEachin v. McEachin*, 154 So. 2d 894, 896 (Fla. 1st DCA 1963).

Here, the parties' interest in the property was set when the final judgment was entered—the former wife had a property interest in the $111,357.80 equalization payment; and the former husband had a property interest in the personal property shipped from Kuwait. Thus, unless there was a reservation of jurisdiction over the distribution of property by the final judgment of dissolution, the final judgment establishing property rights could not be modified. *See Fort*, 951 So. 2d 1020 (reversed finding the lower court improperly "shuffled" property rights, which were settled at final judgment, where there was no reservation of jurisdiction). The final judgment states, "This Court reserves jurisdiction to modify and enforce terms [of] this final judgment . . . ." However, a "blanket reservation of jurisdiction for any modification of the final judgment is erroneous as a matter of law and legally unnecessary." *Knecht v. Palmer*, 252 So. 3d 842, 847 (Fla. 5th DCA 2018); s*ee also Daoud v. Daoud*, 153 So. 3d 312, 312 (Fla. 1st DCA 2014) ("the general reservation of jurisdiction for the enforcement of its dissolution judgment does not empower a trial court to address or redistribute vested property between the parties."); *Encarnacion v. Encarnacion*, 877 So. 2d 960, 963 (Fla. 5th DCA 2004) ("At the time a judgment of dissolution of marriage becomes final, the parties' property rights, if determined by the judgment, are fixed as a matter of law . . . [and] a trial court lacks jurisdiction . . . to determine property rights, unless the final judgment reserves jurisdiction for a specific purpose regarding identified property."). Thus, because the reservation of rights here is nothing more than a blanket reservation of jurisdiction, it fails to provide the lower court the jurisdiction needed to modify the final judgment. Therefore, the trial court erred when it "shuffled" the property interests previously determined in the final judgment when neither party had properly plead for modification, and we reverse this portion of the order on appeal.

The trial court's finding that the former wife violated the final judgment is supported by competent, substantial evidence; thus, we affirm this issue. The remaining issues raised by the former wife are rendered moot by this opinion.

Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

ROWE, KELSEY, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Summer N. Boyd of the Law Office of Summer Boyd, Jacksonville, for Appellant.

Claude Rabbath, pro se, Appellee.